*5-31-19*
*10:55*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, an unknown business entity; and DOES 1 through 25, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARISA MARTINEZ, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2019 MAY 13 P 2:40

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court - Central Division<br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>**37-2019-00024444-CU-OE-CTL** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joshua Gruenberg; Benjamin Silver; 2155 First Ave., San Diego, CA 92101; 619-230-1234

| DATE:<br>*(Fecha)* | **MAY 1 4 2019** | Clerk, by<br>*(Secretario)* | C. Brennan | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Costco Wholesale Corporation, an unknown business entity

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒ other *(specify):* an unknown business entity

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

MAY 13 19 pm 2:18

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joshua D. Gruenberg, Esq. (163281) / Benjamin S. Silver, Esq. (284741)<br>Gruenberg Law /2155 First Ave, San Diego, CA<br><br>TELEPHONE NO: 619-230-1234   FAX NO: 619-230-1074<br>ATTORNEY FOR *(Name):* Plaintiff, Marisa Martinez | FILED<br>CIVIL BUSINESS OFFICE 5<br>CENTRAL DIVISION<br><br>2019 MAY 13  P 2: 40<br><br>CLERK SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Martinez v. Costco Holesale Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2019-00024444-CU-OE-CTL |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ✓ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  May 10, 2019
Joshua D. Gruenberg, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Josh D. Gruenberg, Esq. SB #163281
Benjamin S. Silver, Esq. SB #284741
GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-3542
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

Attorneys for Plaintiff,
MARISA MARTINEZ

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2019 MAY 13 P 2: 40

CLERK OF THE SUPERIOR COURT
SAN DIEGO COUNTY, CA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

MARISA MARTINEZ, an individual,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, an unknown business entity; and DOES 1 through 25, Inclusive,

Defendants.

Case No. **37-2019-00024444-CU-OE-CTL**

**PLAINTIFF'S COMPLAINT FOR:**

1. DISCRIMINATION BASED ON A PHYSICAL DISABILITY [Cal. Gov't Code § 12940(a)];
2. FAILURE TO ACCOMMODATE [Cal. Gov't Code § 12940(m), Cal. Code Regs. tit. 2, § 11068(a)];
3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [Cal. Gov't Code § 12940(n), Cal. Code Regs. tit. 2, § 11069(a)];
4. RETALIATION [Cal. Gov't Code § 12940(h)];
5. FAILURE TO PREVENT DISCRIMINATION [Cal. Gov't Code §12940(k);
6. RETALIATION [Cal. Lab. Code §1102.5];
7. NEGLIGENT SUPERVISION;
8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

**[JURY TRIAL DEMANDED]**

///

COMES NOW THE PLAINTIFF, alleging against Defendant as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff, MARISA MARTINEZ, (hereinafter "Martinez" or "Plaintiff"), is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California, County of San Diego.

2. Plaintiff is informed and believes and thereon alleges that Defendant, COSTCO WHOLESALE CORPORATION (hereinafter "Costco" or "Defendant") is an unknown business entity doing business in the State of California, County of San Diego.

3. Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as DOES 1 through 25 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

4. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendant.

5. Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendant, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendant.

6. As a further proximate result of Defendants' unlawful and intentional actions, and each of their agents, against Plaintiff as alleged herein, Plaintiff has been harmed in that she suffered emotional pain, mental anguish, loss of enjoyment of life, and emotional distress..

7. Defendants committed these acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amount to malice or despicable conduct. Alternatively,

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's

2    rights.

3  8.  Defendants' conduct warrants the assessment of punitive damages in an amount

4    sufficient to punish Defendants and deter others from engaging in similar conduct.

5  9.  Plaintiff seeks compensatory damages, punitive damages, costs of suit herein, and

6    attorney's fees.

7  10.  The tortious acts and omissions alleged herein were performed by management level

8    employees of Defendant.  Defendant allowed/and or condoned a continuing pattern of

9    unlawful practices in violation of the California Labor Code, and have caused, and will

10    continue to cause, Plaintiff economic damage in an amount to be proven at trial.

11  11.  Furthermore, Plaintiff alleges that the acts complained of herein took place within the

12    above captioned judicial district.

13  12.  Plaintiff filed a complaint with the California Department of Fair Employment and

14    Housing ("DFEH") on May 9, 2019 and thereafter received a "Right to Sue" letter from

15    the DFEH, on the same day, collectively attached hereto as "EXHIBIT A."

16    **SPECIFIC FACTUAL ALLEGATIONS**

17  13.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in

18    the preceding paragraphs as though fully set forth herein.

19  14.  Defendant Costco is a wholesale multibillion-dollar, global retailer with warehouse club

20    operations in eleven countries. Defendant has offices and agents across the United States,

21    specifically in San Diego County.

22  15.  Plaintiff was an employee for Costco for over 25 years. Plaintiff started her employment

23    with Defendant as a Service Assistant and worked her way up the corporate ladder to her

24    final position as a Buyer. Plaintiff became a Buyer in or around February 2007, and held

25    that position for the remainder of her employment. As a Buyer, Plaintiff's job was to

26    work directly with vendors and maintain positive relationships while negotiating pricing

27    and deadlines. This often required Plaintiff to fly across the country and engage with

28    vendors to make deals for Costco. Occasionally, Plaintiff was required to fly to other

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    countries to make similar deals, engagements, and relationships with vendors.

2    16.    On more than one occasion Plaintiff was sent to China to meet with vendors for on behalf

3    of Defendant. Whenever Plaintiff was sent to China or any other country, Defendant gave

4    Plaintiff a "Pre-Trip Advisory." This included warnings and guidelines about business

5    culture, social etiquette, health warnings, environmental warnings, societal concerns,

6    advice for business women, places to avoid, rules of law, emergency contact numbers,

7    kidnapping concerns, terrorism, crime, corruption, and political concerns.

8    17.    Defendant also relied on the Travel Advisories published by the U.S. Department of State

9    when making the final decision to go to a country. Defendant often took into

10    consideration other outside factors such as political situations between the United States

11    and the other country to determine whether to send its employees.

12    18.    On or about August 28, 2018, Plaintiff was told that she needed to go to Mexico as part

13    of her position as a Buyer. Shortly thereafter, Plaintiff obtained a Pre-Trip Travel

14    Advisory from one of her coworkers who had recently booked a commercial flight from

15    the United States to Mexico. The Pre-Trip Travel Advisory related to Mexico included

16    the same information regarding travel, societal concerns, and etiquette. However, unlike

17    the Pre-Trip Travel Advisory for China, the Advisory for Mexico included alarming

18    concerns. Within the warnings, the Advisory listed Mexico as having the highest

19    kidnapping rate in the world, an increased risk to business visitors regarding violent and

20    opportunistic crime, a warning that female travelers are vulnerable to sexual assault, a

21    notice of police violence against women, warnings of highway crime, and discussed the

22    presumption of guilt until proven innocent for simple incidents such as car accidents.

23    19.    For several years, Plaintiff had been fearful of traveling to Mexico due to the increased

24    crime rate and the heightened crime targeted against business travelers. The Pre-Trip

25    Travel Advisory for Mexico that Plaintiff obtained confirmed her fears and persuaded

26    Plaintiff to ask Costco for more safety precautions for any business trips to Mexico. At

27    that time, Plaintiff did not believe Costco was providing her or its other employees with

28    adequate safety protections for travel to Mexico. Plaintiff made known her fear of

1    traveling to Mexico and made known her request for Costco to take additional safety

2    precautions and provide additional security. Plaintiff believed that Costco did not have

3    sufficient policies and procedures in place for its employees engaged in international

4    travel, or a plan to address emergency situations that may occur during international

5    business travel that Plaintiff and others engaged in on behalf of Defendant.

6  20.  Thereafter, on or about August 28, 2018, Steve Mantanona, the Vice President of Costco

7    Wholesale-Mexico, denied Plaintiff's trip to New York as a Buyer. Plaintiff believes this

8    trip was important to her success as a Buyer, and part of her required job description.

9    Mantanona informed Plaintiff that he would not sign off on any Buyer trips until Plaintiff

10    scheduled a trip to Mexico.

11  21.  The following day, on or about August 29, 2018, Plaintiff met with Mantanona to discuss

12    her growing concerns about traveling to Mexico. During this meeting, Plaintiff explained

13    why she was requesting additional safety precautions be provided for any travel to

14    Costco's Mexico City central office. Plaintiff provided ample information supporting her

15    reasonable belief that Costco needed to provide more safety for Plaintiff and others

16    traveling to Mexico on behalf of Costco. In response, Mantanona told Plaintiff he would

17    get back to her regarding her concerns to traveling to Mexico.

18  22.  After meeting with Mantanona, Plaintiff told her supervisor, Julie Daleo ("Daleo"), one

19    of Costco's General Merchandise Managers ("GMM"), that she would go on Buyer trip

20    to Tijuana and Ensenada, two cities in Mexico. Plaintiff proceeded to make these

21    arrangements. Thereafter, on or about October 11, 2018, Daleo told Plaintiff that

22    Mantanona did not consider Plaintiff going to Tijuana and Ensenada as going to Mexico.

23    Confused how going to those two Mexican cities would not count as going to Mexico,

24    Plaintiff set up a meeting with Defendant's Executive Vice President ("EVP"), Russ

25    Miller ("Miller"), to discuss her concerns.

26  23.  On or about October 15, 2018, Plaintiff met with Miller and went over the Mexico Pre-

27    Trip Travel Advisory, Plaintiff's safety concerns, and Plaintiff's reasonable belief that

28    Defendant had failed to adequate provide the necessary safety precautions. At the

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

meeting, Miller told Plaintiff that her travel concerns had allegedly been addressed by Mantanona and sent out in a September 4, 2018, internal memorandum to all Buyers. Plaintiff told Miller she had never seen this memorandum but was happy to take a copy. In fact, Plaintiff had not received any response from her prior complaints to Mantanona. In the same meeting, Miller asked Plaintiff if she would like to be transferred to the San Diego Region. Plaintiff was familiar with the San Diego Region management and said she would be willing to be transferred to a position within the San Diego Region. In response, Miller informed Plaintiff that there were no immediate openings but told Plaintiff he would talk with the San Diego Region GMM, Debbie Calhoun ("Calhoun").

24.     Following Plaintiff's meeting with Miller, Plaintiff confronted approximately eight other Costco Buyers about the internal memorandum that was allegedly distributed in September of 2018. As she expected, Plaintiff learned that not one of these Buyers had received the September 4, 2018 memorandum, nor had they ever gotten a memorandum containing the same information. Thereafter, Plaintiff informed Miller by email that the memorandum had not been sent to Defendant's Buyers as he had claimed. In response, Miller reiterated that he was under the impression that Mantanona had sent the memorandum out to the Buyers. Subsequent to that email, Plaintiff never received any further response from Miller or Mantanona regarding the unsent memorandum. Further, the memorandum was never sent to Costco's Buyers. Plaintiff's concerns went ignored.

25.     On or about November 2, 2018, Defendant held a mandatory travel presentation. Plaintiff was sick with bronchitis and was unable to attend. Following the presentation, Plaintiff's coworkers informed Plaintiff that Mantanona was angry and agitated whenever he was asked specific questions about safety, health concerns, and Defendant's protocols related to its employees traveling to Mexico. Many of Plaintiff's concerns remained unanswered. Further, Plaintiff still believed there was not a definitive plan for many of the travel warnings that were presented related to business travel to Mexico.

26.     On or about November 8, 2018, Plaintiff was called into a meeting with Mantanona, Daleo, and Michelle Martinez, one of Defendant's Assistant GMM. During this meeting,

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    Defendant presented Plaintiff with a letter regarding travel to Mexico. The letter stated

2    that going to Mexico was "an essential and non-negotiable" job function of Plaintiff's

3    employment and position. The letter also stated that Plaintiff must go to Defendant's

4    Mexico City central office a minimum of three times per year. This was the first time in

5    her career with Defendant that Plaintiff was ever given these requirements. Additionally,

6    this was the first time that multiple trips per year to Defendant's Mexico City office was

7    identified as an alleged essential job function for Plaintiff. In fact, in her 12 years as a

8    Buyer for Defendant's Mexico Region, Plaintiff had only been to Mexico approximately

9    seven times. Plaintiff was given four weeks to consider the letter and comply with going

10   to Mexico City. As per the letter, if Plaintiff did not comply within the four weeks, she

11   would be forced to find another position with Defendant within 60 days, or risk being

12   transitioned into an ICS position in the San Diego Region. An ICS position would be a

13   demotion for Plaintiff.

14   27.   As stated above, the November 8, 2018 meeting and letter was the first time Plaintiff had

15   been informed that going to Mexico, and specifically Mexico City, three times per year,

16   was an essential job function. Again, this was particularly troubling to Plaintiff because,

17   at the time, in her 12 years as a Buyer, she had only been to Mexico a total of seven

18   times. Further, based on information and belief, other Costco Buyers and Assistant

19   Buyers were not forced to go to Mexico City, or their specific regions, as part of their

20   essential job functions. Plaintiff believes she was being treated different than her peers

21   and retaliated against based on her complaints that Costco was not ensuring her safety

22   and protecting its employees.

23   28.   On or about November 13, 2018, convinced that Defendant was not going to make any

24   changes in response to Plaintiff's complaints of Defendant's lack of safety precautions

25   for travel to Mexico, Plaintiff contacted Calhoun from the San Diego Region about the

26   possibility of transferring into that region. Calhoun told Plaintiff there was nothing

27   available at that time given the limitation of Buyer positions in the San Diego region.

28   29.   Plaintiff began to feel helpless. Unable to find a new job in the San Diego Region, and

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1.   not wanting to leave a position or job that she loved and had excelled at for over a

2   decade, Plaintiff agreed to go to Mexico from November 27, 2018 to November 29, 2018

3   with Miller and Mantanona. However, as the days grew closer to her departure date,

4   Plaintiff increasingly became more anxious and frightened about going to Mexico.

5   30.   On or about November 19, 2018, Plaintiff fell ill suffering from anxiety attacks and

6   remained out of the office.  On or about November 20, 2018, Plaintiff called Daleo and

7   informed her she was sick and needed to take a leave of absence. In that same

8   conversation, Plaintiff told Daleo that she would re-schedule her trip to Mexico whenever

9   she got back from her leave of absence.

10   31.   On or about November 26, 2018, Plaintiff went to her doctor and was placed on protected

11   medical leave until January 14, 2019 related to her anxiety. On January 9, 2019, Plaintiff

12   received a letter from her doctor indicating she was clear to return to work without

13   restrictions or about January 14, 2019. Plaintiff presented this later to Daleo.

14   32.   At this point, upon her return from leave in January of 2019, Mantanona, on behalf of

15   Costco, had denied all of Plaintiff's requests for business travel outside of Mexico. This

16   included a Buyers trip to New York in October 2018, a Housewares show in Germany in

17   February 2019, and a Housewares show in Chicago in March 2019. All of Defendant's

18   global Buyers were attending these events, however, Plaintiff's travel was denied.

19   Plaintiff did not consider requesting to attend an annual Tabletop show in New York in

20   April 2019 because Mantanona had previously stated he would continue to deny all of

21   Plaintiff's work related trips until she went to Mexico City. Plaintiff contends

22   Mantanona's denials were in continued retaliation for her prior complaints related to

23   safety and for taking protected medical leave related to her medical condition.

24   33.   Plaintiff again began suffering from anxiety and panic attacks and went back to her

25   doctor. On or about January 17, 2019, Plaintiff's doctor issued her a letter indicating that

26   Plaintiff had a history of severe anxiety with panic attacks. Plaintiff's extreme fear of

27   Travel to Mexico was exacerbated by her panic attacks. The doctor's note recommended

28   Plaintiff not travel to Mexico while her doctor treats her underlying anxiety. Plaintiff

1   emailed this letter to Daleo on or about January 18, 2019. Again, Costco was on notice of

2   Plaintiff's condition and her restrictions.

3   34.   On or about January 25, 2019, Plaintiff received a letter from Cindy Schmertzler,

4   Defendant's Director of Integrated Leave at Costco. The letter asked for clarifications

5   regarding the accommodations and restrictions set forth by Plaintiff's doctor in the

6   January 17, 2019 doctor's note. Specifically, Costco asked Plaintiff's doctor to provide

7   how long the restriction of not traveling to Mexico would last and whether there are any

8   other possible alternative accommodations that would allow Plaintiff to travel to Mexico.

9   The same letter indicated that Plaintiff would temporarily be allowed to continue to work

10   without traveling to Mexico. Plaintiff could still perform the essential functions of her

11   job. Plaintiff's only limitation and restriction was traveling to Mexico, something she

12   only did seven times in the 12 years as a Buyer for Costco.

13   35.   On or about January 25, 2019, Plaintiff presented Costco a third letter from her doctor

14   indicating that she should not travel to Mexico. Then, on or about January 30, 2019,

15   Plaintiff received a letter backdated to January 28, 2019, from Daleo indicating that her

16   doctor needed to include a definitive date for the end of her accommodation to not travel

17   to Mexico.

18   36.   On or about January 30, 2019, Plaintiff sent Schmertzler an email including the January

19   30, 2019 letter from Plaintiff's doctor indicating that Plaintiff should not travel to Mexico

20   for six months, or until Plaintiff feels that appropriate safety measures have been

21   undertaken by Costco. Costco was on notice of Plaintiff's restrictions and requested

22   accommodations. Additionally, Plaintiff provided responses to the questions sent to her

23   by Defendant's HR office. Thereafter, Plaintiff received no response from Costco.

24   37.   On or about January 31, 2019, Plaintiff received a call from Brenda Weber, Vice

25   President of Human Resources. In that call, Plaintiff expressed to Weber the retaliation

26   she had experienced by Mantanona, her fears of going to Mexico, her attempt to reach a

27   compromise, and her meeting with Miller. Weber then asked Plaintiff to send her a list of

28   precautions Plaintiff thought Costco should implement to ease her safety concerns.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

38.   That same day, Plaintiff sent Weber an email stating her suggested precautions. After several email exchanges, Weber told Plaintiff on or about February 8, 2019, there was no evidence that Plaintiff had been retaliated against for bringing up travel concerns, or evidence that she had been treated improperly in any other matter. Due to this, Weber expressed that going to Mexico was an essential function of her job and she would have to reach an agreement regarding accommodations with Schmertzler.

39.   On or about February 11, 2019, Plaintiff spoke to Schmertzler regarding her requested accommodations. This conversation was memorialized in an email sent to Plaintiff by Schmertzler on or about February 13, 2019. In these communications, Schmertzler informed Plaintiff that because she cannot perform an alleged essential job function of her position, going to Mexico, and there are no open positions in which Plaintiff can be placed, Plaintiff will be forced to take a leave of absence. This leave was unpaid. Plaintiff's leave of absence was to last the six months. At the end of the six months, Plaintiff could return to her position only if she was able to complete her alleged essential job functions, including traveling to Mexico. The letter indicated no alternative if Plaintiff was not able to travel to Mexico after the six months. At no time did Costco ever engage in a good faith interactive process with Plaintiff to discuss her accommodations. Plaintiff had no discussion with anyone about her being able to complete the essential functions of her job without going to Mexico City, as she had done for most of her career. Additionally, besides telling Plaintiff that there were allegedly no open positions, Plaintiff had no conversations with anyone from Defendant regarding any other possible accommodations they could provide.

40.   Overwhelmed by the environment in her workplace and the constant ultimatums about going to Mexico, Plaintiff's anxiety worsened. Plaintiff began suffering from insomnia and increased panic attacks. On or about February 22, 2019, Plaintiff's doctor gave Plaintiff a letter indicating she had to take an immediate medical leave of absence to focus on her anxiety and health until she can reach a mutually acceptable agreement with her employer regarding her traveling to Mexico. Plaintiff provided this note to Costco.

41.  Plaintiff was forced to resign from her long employment with Costco on or about March 7, 2019. Plaintiff felt she had no choice but to leave her employment given Costco had continued to retaliate and discriminate against her based on her physical disability, and made little effort to engage in the interactive process and provide her with her requested accommodations.

## FIRST CAUSE OF ACTION

### DISCRIMINATION ON THE BASIS OF A PHYSICAL DISABILITY

#### [Cal. Gov't Code § 12940(a)]

42.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

43.  Plaintiff suffered from a physical disability, as set forth herein.

44.  Defendant, by and through its employees and agents, engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment, as stated herein, including but not limited to terminating Plaintiff's employment.

45.  Plaintiff believes and hereon alleges that her physical disability, or perceived physical disability, was a substantial motivating reason for Defendant engaging in conduct that, taken as a whole, materially and adversely affected the terms and conditions of her employment, up to and including terminating her employment.

46.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

47.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to Plaintiff's damage in a sum to be established according to proof.

48.  As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1   to recover punitive and exemplary damages in an amount commensurate with

2   Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

3   conduct.

4   49.   In addition to such other damages as may properly be recovered herein, Plaintiff is

5   entitled to recover prevailing party attorney's fees pursuant to Government Code section

6   12965(b). .

7   **SECOND CAUSE OF ACTION**

8   **FAILURE TO ACCOMMODATE**

9   **[Cal. Gov't Code § 12940(m); Cal. Code Regs. tit. 2, § 11068(a)]**

10   50.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

11   the preceding paragraphs as though fully set forth herein.

12   51.  . Plaintiff suffered from a physical disability, as stated herein. Plaintiff's physical disability

13   required accommodation.

14   52.   Defendant did not reasonably accommodate Plaintiff's physical disability. Defendant had

15   an affirmative duty to make a reasonable accommodation for Plaintiff's disability, even if

16   Plaintiff never requested any accommodation.

17   53.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

18   sustained and continues to sustain substantial losses in earnings, employment benefits,

19   employment opportunities, and Plaintiff has suffered other economic losses in an amount

20   to be determined at time of trial. Plaintiff has sought to mitigate these damages.

21   54.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

22   suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

23   mental and physical pain and anguish, all to Plaintiff's damage in a sum to be established

24   according to proof.

25   55.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

26   to recover punitive and exemplary damages in an amount commensurate with

27   Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

28   conduct.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

56. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Government Code section 12965(b).

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

**[Cal. Gov't Code § 12940(n); Cal. Code Regs. tit. 2, § 11069(a)]**

57. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

58. Plaintiff suffered from a physical disability, as stated here. Plaintiff's physical disability required accommodation.

59. Defendant did not engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations. Despite Plaintiff's numerous requests, Defendant failed to engage in a good faith discussion regarding her medical condition, requested accommodations, and abilities to complete the essential functions of her job. Defendant knew Plaintiff required accommodations. This triggered Defendant's obligation to initiate the interactive process with Plaintiff. However, as stated herein, Defendant failed to initiate the interactive process in good faith.

60. Defendant did not engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations.

61. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

62. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to Plaintiff's damage in a sum to be established according to proof.

63. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    to recover punitive and exemplary damages in an amount commensurate with

2    Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

3    conduct.

4  64.   In addition to such other damages as may properly be recovered herein, Plaintiff is

5    entitled to recover prevailing party attorney's fees pursuant to Government Code section

6    12965(b).

7                 **FOURTH CAUSE OF ACTION**

8    **RETALIATION AND WRONGFUL CONSTRUCTIVE TERMIANTION**

9               **[Cal. Gov't Code § 12940(h)]**

10  65.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

11    the preceding paragraphs as though fully set forth herein.

12  66.   Plaintiff and Defendant maintained an employer-employee relationship at all relevant

13    times. Defendant retaliated against Plaintiff as a direct and proximate result of her

14    opposition to discrimination based on Plaintiff's disability.

15  67.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

16    sustained and continues to sustain substantial losses in earnings, employment benefits,

17    employment opportunities, and Plaintiff has suffered other economic losses in an amount

18    to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

19  68.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

20    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

21    mental and physical pain and anguish, all to her damage in a sum to be established

22    according to proof.

23  69.   In addition to such other damages as may properly be recovered herein, Plaintiff is

24    entitled to recover prevailing party attorney's fees pursuant to California Government

25    Code section 12965(b).

26  ///

27  ///

28  ///

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION

[Cal. Gov't Code § 12940(k)]

70. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

71. At all times relevant herein, Plaintiff was employed by Defendant.

72. Plaintiff was subjected to discrimination in the course of her employment.

73. Defendant failed to take reasonable steps to prevent the discrimination.

74. Defendant's failure to take reasonable steps to prevent the discrimination was a substantial factor in causing Plaintiff's harm.

75. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

76. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

77. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

## SIXTH CAUSE OF ACTION

### RETALIATION

[Cal. Lab. § 1102.5]

78. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

79. Labor Code section 1102.5 forbids an employer from retaliating against an employee for disclosing information to another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause

1   to believe that the information discloses a violation of state or federal statute, or a

2   violation of or noncompliance with a local, state, or federal rule or regulation.

3   80.   Labor Code section 6400 requires every employer finished employment and a place of

4   employment that is safe and healthful for the employees therein.

5   81.   Plaintiff engaged in activity protected by fundamental public policy set forth under

6   California Civil Code Section 527.8. CCP 527.8(a) finds that any employer, whose

7   employee has suffered unlawful violence or a credible threat of violence from any

8   individual, that can reasonably be construed to be carried out or to have been carried out

9   at the workplace, may seek a temporary restraining order and an injunction on behalf of

10   the work place, and if appropriate, other employee and, at the discretion of the court, any

11   number of other employees at the workplace, and if appropriate, other employees at other

12   workplaces of the employer.

13   82.   Plaintiff is informed and believes and thereupon alleges that this activity, specifically

14   Plaintiff's complaint of Defendant's violation of Labor Code 6400 and Plaintiff's

15   engagement in protective activity under California Civil Code 527.8 was a motivating

16   factor behind the retaliation, which subsequently led to her termination.

17   83.   Plaintiff repeatedly opposed Defendant's ongoing pressure to send her and other

18   employees to business trips in Mexico without adequate safety precautions. Plaintiff

19   raised concerns about the safety-risks and dangerous conditions of Mexico to Defendant.

20   84.   Plaintiff believes and thereon alleges that his opposition to Defendant's illegal conduct

21   was a motivating reason for Defendant's and terminating Plaintiff's employment.

22   85.   Defendant's conduct of retaliating against Plaintiff in the terms, conditions and privileges

23   of her employment on the basis of her opposition to Defendant's illegal conduct and to

24   what she had good faith reasonable cause to believe was unlawful conduct violates Labor

25   Code section 1102.5.

26   86.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

27   sustained and continues to sustain substantial losses in earnings, employment benefits,

28   employment opportunities, and Plaintiff has suffered other economic losses in an amount

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1      to be determined at time of trial. Plaintiff has sought to mitigate these damages.

2    87.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

3      suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

4      mental and physical pain and anguish, all to her damage in a sum to be established

5      according to proof.

6    88.    As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

7      to recover punitive and exemplary damages in an amount commensurate with

8      Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

9      conduct.

10   89.    In addition to such other damages as may properly be recovered herein, Plaintiff is

11      entitled to recover prevailing attorney's fees pursuant to Code of Civil Procedure section

12      1021.5.

13                 **SEVENTH CAUSE OF ACTION**

14                 **NEGLIGENT SUPERVISION**

15   90.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

16      the preceding and subsequent paragraphs as though fully set forth herein.

17   91.    Defendant's supervisory employees took action against Plaintiff in violation of California

18      law, including but limited to discrimination based on a physical disability.

19   92.    Defendant knew or should have known that this conduct was unlawful and in violation of

20      California law.

21   93.    Defendant failed to take steps necessary to prevent the unlawful conduct described

22      herein.

23   94.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

24      sustained and continues to sustain substantial losses in earnings, employment benefits,

25      employment opportunities, and Plaintiff has suffered other economic losses in an amount

26      to be determined at time of trial. Plaintiff has sought to mitigate these damages.

27   95.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

28      suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1  mental and physical pain and anguish, all to her damage in a sum to be established
2  according to proof.

3  ## EIGHTH CAUSE OF ACTION

4  ### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5  96.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in
6       the preceding paragraphs as though fully set forth herein.

7  97.  Defendant's intentional conduct, as set forth herein, was extreme and outrageous.

8  98.  Defendant intended to cause Plaintiff to suffer extreme emotional distress.  Plaintiff
9       suffered extreme emotional distress.

10 99.  As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff
11      has sustained and continues to suffer humiliation, emotional distress, loss of reputation,
12      and mental and physical pain and anguish, all to Plaintiff's damage in an amount
13      according to proof at trial.

14 ///

15 **WHEREFORE,** Plaintiff prays for the following relief:

16      1.  For compensatory damages, including loss of wages, back pay, front pay,
17          promotional opportunities, benefits, other monetary relief, and other opportunities
18          of employment, in an amount according to proof;

19      2.  For special damages in an amount according to proof;

20      3.  For physical pain, mental and emotional distress damages;

21      4.  For punitive damages in an amount necessary to make an example of and to
22          punish Defendant, and to deter future similar misconduct;

23      5.  For costs of suit, including attorneys' fees as permitted by law, including those
24          permitted by California Government Code section 12965(b);

25      6.  For an award of interest, including prejudgment interest, at the legal rate as
26          permitted by law, including those permitted by California Government Code
27          section 12965(b);

28      7.  For injunctive relief;

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

8.  For such other and further relief as the Court deems proper and just under all the circumstances.

PLAINTIFF MARISA MARTINEZ demands a jury trial on all issues in this case.

DATED: May 1, 2018                              GRUENBERG LAW

                                                _____
                                                JOSH D. GRUENBERG, ESQ.
                                                BENJAMIN S. SILVER, ESQ.
                                                Attorneys for Plaintiff,
                                                MARISA MARTINEZ

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1
2
3
4
5
6
7
8

## EXHIBIT A

9

10    (1)    PLAINTIFF'S CHARGE FILED WITH THE DEPARTMENT OF FAIR

11            EMPLOYMENT AND HOUSING (DFEH).

12    (2)    PLAINTIFF'S RIGHT TO SUE LETTER(S) FROM THE DFEH.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

May 9, 2019

Benjamin Silver, Esq.
2155 First Avenue
San Diego, California 92101

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 201905-06094209
Right to Sue: Martinez / Costco Wholesale Corporation

Dear Benjamin Silver, Esq.:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2210 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 9, 2019

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 201905-06094209
        Right to Sue: Martinez / Costco Wholesale Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



*STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency*

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

May 9, 2019

Marisa Martinez
, California

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201905-06094209
Right to Sue: Martinez / Costco Wholesale Corporation

Dear Marisa Martinez,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective May 9,
2019 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1   COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
2   DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
3   (Gov. Code, § 12900 et seq.)

4   **In the Matter of the Complaint of**
5   Marisa Martinez                                        DFEH No. 201905-06094209

6                                    Complainant,
7   vs.

8   Costco Wholesale Corporation

9
                                    Respondents
10

11   _____

12   1. Respondent **Costco Wholesale Corporation** is an **employer** subject to suit
under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900
13   et seq.).

14   2. Complainant **Marisa Martinez**, resides in the City of  State of **California.**

15
16   3. Complainant alleges that on or about **March 7, 2019**, respondent took the
following adverse actions:

17   **Complainant was discriminated against** because of complainant's family care or
medical leave (cfra) (employers of 50 or more people), disability (physical or mental)
18   and as a result of the discrimination was terminated, forced to quit, denied a work
environment free of discrimination and/or retaliation, denied reasonable
19   accommodation for a disability, denied or forced to transfer.

20
**Complainant experienced retaliation** because complainant reported or resisted
21   any form of discrimination or harassment, requested or used a disability-related
accommodation, requested or used leave under the california family rights act or
22   fmla (employers of 50 or more people) and as a result was terminated, forced to quit,
denied a work environment free of discrimination and/or retaliation, denied
23   reasonable accommodation for a disability, denied or forced to transfer.

24

25   **Additional Complaint Details:** Respondent Costco is a wholesale multibillion-
dollar, global retailer with warehouse club operations in eleven countries.
26

27                                         -1-
                     *Complaint – DFEH No. 201905-06094209*
28   Date Filed: May 9, 2019

1  Respondent has offices and agents across the United States, specifically in San Diego County.

2  Complainant was an employee for Costco for over 25 years. Complainant started

3  her employment with Respondent as a Service Assistant and worked her way up the corporate ladder to her final position as a Buyer. Complainant became a Buyer in or

4  around February 2007, and held that position for the remainder of her employment. As a Buyer, Complainant's job was to work directly with vendors and maintain

5  positive relationships while negotiating pricing and deadlines. This often required Complainant to fly across the country and engage with vendors to make deals for

6  Costco. Occasionally, Complainant was required to fly to other countries to make

7  similar deals, engagements, and relationships with vendors.

   On more than one occasion Complainant was sent to China to meet with vendors for

8  on behalf of Respondent. Whenever Complainant was sent to China or any other country, Respondent gave Complainant a "Pre-Trip Advisory." This included

9  warnings and guidelines about business culture, social etiquette, health warnings, environmental warnings, societal concerns, advice for business women, places to

10 avoid, rules of law, emergency contact numbers, kidnapping concerns, terrorism,

11 crime, corruption, and political concerns.

   Respondent also relied on the Travel Advisories published by the U.S. Department

12 of State when making the final decision to go to a country. Respondent often took into consideration other outside factors such as political situations between the

13 United States and the other country to determine whether to send its employees.

   On or about August 28, 2018, Complainant was told that she needed to go to Mexico

14 as part of her position as a Buyer. Shortly thereafter, Complainant obtained a Pre-

15 Trip Travel Advisory from one of her coworkers who had recently booked a commercial flight from the United States to Mexico. The Pre-Trip Travel Advisory

16 related to Mexico included the same information regarding travel, societal concerns, and etiquette. However, unlike the Pre-Trip Travel Advisory for China, the Advisory

17 for Mexico included alarming concerns. Within the warnings, the Advisory listed

18 Mexico as having the highest kidnapping rate in the world, an increased risk to business visitors regarding violent and opportunistic crime, a warning that female

19 travelers are vulnerable to sexual assault, a notice of police violence against women, warnings of highway crime, and discussed the presumption of guilt until proven

20 innocent for simple incidents such as car accidents.

   For several years, Complainant had been fearful of traveling to Mexico due to the

21 increased crime rate and the heightened crime targeted against business travelers. The Pre-Trip Travel Advisory for Mexico that Complainant obtained confirmed her

22 fears and persuaded Complainant to ask Costco for more safety precautions for any

23 business trips to Mexico. At that time, Complainant did not believe Costco was providing her or its other employees with adequate safety protections for travel to

24 Mexico. Complainant made known her fear of traveling to Mexico and made known

25 her request for Costco to take additional safety precautions and provide additional security. Complainant believed that Costco did not have sufficient policies and

26

27  *Complaint – DFEH No. 201905-06094209*

28  Date Filed: May 9, 2019

1   procedures in place for its employees engaged in international travel, or a plan to
2   address emergency situations that may occur during international business travel
    that Complainant and others engaged in on behalf of Respondent.
3   Thereafter, on or about August 28, 2018, Steve Mantanona, the Vice President of
    Costco Wholesale-Mexico, denied Complainant's trip to New York as a Buyer.
4   Complainant believes this trip was important to her success as a Buyer, and part of
    her required job description. Mantanona informed Complainant that he would not
5   sign off on any Buyer trips until Complainant scheduled a trip to Mexico.
6   The following day, on or about August 29, 2018, Complainant met with Mantanona
    to discuss her growing concerns about traveling to Mexico. During this meeting,
7   Complainant explained why she was requesting additional safety precautions be
    provided for any travel to Costco's Mexico City central office. Complainant provided
8   ample information supporting her reasonable belief that Costco needed to provide
    more safety for Complainant and others traveling to Mexico on behalf of Costco. In
9   response, Mantanona told Complainant he would get back to her regarding her
    concerns to traveling to Mexico.
10  After meeting with Mantanona, Complainant told her supervisor, Julie Daleo
11  ("Daleo"), one of Costco's General Merchandise Managers ("GMM"), that she would
    go on Buyer trip to Tijuana and Ensenada, two cities in Mexico. Complainant
12  proceeded to make these arrangements. Thereafter, on or about October 11, 2018,
    Daleo told Complainant that Mantanona did not consider Complainant going to
13  Tijuana and Ensenada as going to Mexico. Confused how going to those two
14  Mexican cities would not count as going to Mexico, Complainant set up a meeting
    with Respondent's Executive Vice President ("EVP"), Russ Miller ("Miller"), to
15  discuss her concerns.
    On or about October 15, 2018, Complainant met with Miller and went over the
16  Mexico Pre-Trip Travel Advisory, Complainant's safety concerns, and Complainant's
    reasonable belief that Respondent had failed to adequate provide the necessary
17  safety precautions. At the meeting, Miller told Complainant that her travel concerns
18  had allegedly been addressed by Mantanona and sent out in a September 4, 2018,
    internal memorandum to all Buyers. Complainant told Miller she had never seen this
19  memorandum but was happy to take a copy. In fact, Complainant had not received
    any response from her prior complaints to Mantanona. In the same meeting, Miller
20  asked Complainant if she would like to be transferred to the San Diego Region.
    Complainant was familiar with the San Diego Region management and said she
21  would be willing to be transferred to a position within the San Diego Region. In
22  response, Miller informed Complainant that there were no immediate openings but
    told Complainant he would talk with the San Diego Region GMM, Debbie Calhoun
23  ("Calhoun").
    Following Complainant's meeting with Miller, Complainant confronted approximately
24  eight other Costco Buyers about the internal memorandum that was allegedly
25  distributed in September of 2018. As she expected, Complainant learned that not
    one of these Buyers had received the September 4, 2018 memorandum, nor had
26

27                                          -3-
                        *Complaint – DFEH No. 201905-06094209*
28  Date Filed: May 9, 2019

1  they ever gotten a memorandum containing the same information. Thereafter,
   Complainant informed Miller by email that the memorandum had not been sent to
2  Respondent's Buyers as he had claimed. In response, Miller reiterated that he was
3  under the impression that Mantanona had sent the memorandum out to the Buyers.
   Subsequent to that email, Complainant never received any further response from
4  Miller or Mantanona regarding the unsent memorandum. Further, the memorandum
   was never sent to Costco's Buyers. Complainant's concerns went ignored.
5  On or about November 2, 2018, Respondent held a mandatory travel presentation.
   Complainant was sick with bronchitis and was unable to attend. Following the
6  presentation, Complainant's coworkers informed Complainant that Mantanona was
7  angry and agitated whenever he was asked specific questions about safety, health
   concerns, and Respondent's protocols related to its employees traveling to Mexico.
8  Many of Complainant's concerns remained unanswered. Further, Complainant still
   believed there was not a definitive plan for many of the travel warnings that were
9  presented related to business travel to Mexico.
10 On or about November 8, 2018, Complainant was called into a meeting with
   Mantanona, Daleo, and Michelle Martinez, one of Respondent's Assistant GMM.
11 During this meeting, Respondent presented Complainant with a letter regarding
   travel to Mexico. The letter stated that going to Mexico was "an essential and non-
12 negotiable" job function of Complainant's employment and position. The letter also
   stated that Complainant must go to Respondent's Mexico City central office a
13 minimum of three times per year. This was the first time in her career with
14 Respondent that Complainant was ever given these requirements. Additionally, this
   was the first time that multiple trips per year to Respondent's Mexico City office was
15 identified as an alleged essential job function for Complainant. In fact, in her 12
   years as a Buyer for Respondent's Mexico Region, Complainant had only been to
16 Mexico approximately seven times. Complainant was given four weeks to consider
   the letter and comply with going to Mexico City. As per the letter, if Complainant did
17 not comply within the four weeks, she would be forced to find another position with
18 Respondent within 60 days, or risk being transitioned into an ICS position in the San
   Diego Region. An ICS position would be a demotion for Complainant.
19 As stated above, the November 8, 2018 meeting and letter was the first time
   Complainant had been informed that going to Mexico, and specifically Mexico City,
20 three times per year, was an essential job function. Again, this was particularly
21 troubling to Complainant because, at the time, in her 12 years as a Buyer, she had
   only been to Mexico a total of seven times. Further, based on information and belief,
22 other Costco Buyers and Assistant Buyers were not forced to go to Mexico City, or
   their specific regions, as part of their essential job functions. Complainant believes
23 she was being treated different than her peers and retaliated against based on her
   complaints that Costco was not ensuring her safety and protecting its employees.
24 On or about November 13, 2018, convinced that Respondent was not going to make
25 any changes in response to Complainant's complaints of Respondent's lack of
   safety precautions for travel to Mexico, Complainant contacted Calhoun from the
26
27                                    -4-
                        *Complaint – DFEH No. 201905-06094209*
28 Date Filed: May 9, 2019

1  San Diego Region about the possibility of transferring into that region. Calhoun told
2  Complainant there was nothing available at that time given the limitation of Buyer
   positions in the San Diego region.
3  Complainant began to feel helpless. Unable to find a new job in the San Diego
   Region, and not wanting to leave a position or job that she loved and had excelled at
4  for over a decade, Complainant agreed to go to Mexico from November 27, 2018 to
   November 29, 2018 with Miller and Mantanona. However, as the days grew closer to
5  her departure date, Complainant increasingly became more anxious and frightened
   about going to Mexico.
6  On or about November 19, 2018, Complainant fell ill suffering from anxiety attacks
7  and remained out of the office. On or about November 20, 2018, Complainant called
   Daleo and informed her she was sick and needed to take a leave of absence. In that
8  same conversation, Complainant told Daleo that she would re-schedule her trip to
   Mexico whenever she got back from her leave of absence.
9  On or about November 26, 2018, Complainant went to her doctor and was placed on
   protected medical leave until January 14, 2019 related to her anxiety. On January 9,
10 2019, Complainant received a letter from her doctor indicating she was clear to
11 return to work without restrictions or about January 14, 2019. Complainant
   presented this later to Daleo.
12 At this point, upon her return from leave in January of 2019, Mantanona, on behalf of
   Costco, had denied all of Complainant's requests for business travel outside of
13 Mexico. This included a Buyers trip to New York in October 2018, a Housewares
14 show in Germany in February 2019, and a Housewares show in Chicago in March
   2019. All of Respondent's global Buyers were attending these events, however,
15 Complainant's travel was denied. Complainant did not consider requesting to attend
   an annual Tabletop show in New York in April 2019 because Mantanona had
16 previously stated he would continue to deny all of Complainant's work related trips
17 until she went to Mexico City. Complainant contends Mantanona's denials were in
   continued retaliation for her prior complaints related to safety and for taking
18 protected medical leave related to her medical condition.
   Complainant again began suffering from anxiety and panic attacks and went back to
19 her doctor. On or about January 17, 2019, Complainant's doctor issued her a letter
   indicating that Complainant had a history of severe anxiety with panic attacks.
20 Complainant's extreme fear of Travel to Mexico was exacerbated by her panic
21 attacks. The doctor's note recommended Complainant not travel to Mexico while her
   doctor treats her underlying anxiety. Complainant emailed this letter to Daleo on or
22 about January 18, 2019. Again, Costco was on notice of Complainant's condition
   and her restrictions.
23 On or about January 25, 2019, Complainant received a letter from Cindy
   Schmertzler, Respondent's Director of Integrated Leave at Costco. The letter asked
24 for clarifications regarding the accommodations and restrictions set forth by
25 Complainant's doctor in the January 17, 2019 doctor's note. Specifically, Costco
   asked Complainant's doctor to provide how long the restriction of not traveling to
26
27                                  -5-
28 Date Filed: May 9, 2019

1  Mexico would last and whether there are any other possible alternative
   accommodations that would allow Complainant to travel to Mexico. The same letter
2  indicated that Complainant would temporarily be allowed to continue to work without
3  traveling to Mexico. Complainant could still perform the essential functions of her
   job. Complainant's only limitation and restriction was traveling to Mexico, something
4  she only did seven times in the 12 years as a Buyer for Costco.
   On or about January 25, 2019, Complainant presented Costco a third letter from her
5  doctor indicating that she should not travel to Mexico. Then, on or about January 30,
   2019, Complainant received a letter backdated to January 28, 2019, from Daleo
6  indicating that her doctor needed to include a definitive date for the end of her
7  accommodation to not travel to Mexico.
   On or about January 30, 2019, Complainant sent Schmertzler an email including the
8  January 30, 2019 letter from Complainant's doctor indicating that Complainant
   should not travel to Mexico for six months, or until Complainant feels that
9  appropriate safety measures have been undertaken by Costco. Costco was on
   notice of Complainant's restrictions and requested accommodations. Additionally,
10 Complainant provided responses to the questions sent to her by Respondent's HR
11 office. Thereafter, Complainant received no response from Costco.
   On or about January 31, 2019, Complainant received a call from Brenda Weber,
12 Vice President of Human Resources. In that call, Complainant expressed to Weber
   the retaliation she had experienced by Mantanona, her fears of going to Mexico, her
13 attempt to reach a compromise, and her meeting with Miller. Weber then asked
14 Complainant to send her a list of precautions Complainant thought Costco should
   implement to ease her safety concerns.
15 That same day, Complainant sent Weber an email stating her suggested
   precautions. After several email exchanges, Weber told Complainant on or about
16 February 8, 2019, there was no evidence that Complainant had been retaliated
17 against for bringing up travel concerns, or evidence that she had been treated
   improperly in any other matter. Due to this, Weber expressed that going to Mexico
18 was an essential function of her job and she would have to reach an agreement
   regarding accommodations with Schmertzler.
19 On or about February 11, 2019, Complainant spoke to Schmertzler regarding her
   requested accommodations. This conversation was memorialized in an email sent to
20 Complainant by Schmertzler on or about February 13, 2019. In these
21 communications, Schmertzler informed Complainant that because she cannot
   perform an alleged essential job function of her position, going to Mexico, and there
22 are no open positions in which Complainant can be placed, Complainant will be
   forced to take a leave of absence. This leave was unpaid. Complainant's leave of
23 absence was to last the six months. At the end of the six months, Complainant could
   return to her position only if she was able to complete her alleged essential job
24 functions, including traveling to Mexico. The letter indicated no alternative if
25 Complainant was not able to travel to Mexico after the six months. At no time did
   Costco ever engage in a good faith interactive process with Complainant to discuss

26

27                                    -6-

28 Date Filed: May 9, 2019

1  her accommodations. Complainant had no discussion with anyone about her being
2  able to complete the essential functions of her job without going to Mexico City, as
   she had done for most of her career. Additionally, besides telling Complainant that
3  there were allegedly no open positions, Complainant had no conversations with
   anyone from Respondent regarding any other possible accommodations they could
4  provide.
   Overwhelmed by the environment in her workplace and the constant ultimatums
5  about going to Mexico, Complainant's anxiety worsened. Complainant began
   suffering from insomnia and increased panic attacks. On or about February 22,
6  2019, Complainant's doctor gave Complainant a letter indicating she had to take an
7  immediate medical leave of absence to focus on her anxiety and health until she can
   reach a mutually acceptable agreement with her employer regarding her traveling to
8  Mexico. Complainant provided this note to Costco.
   Complainant was forced to resign from her long employment with Costco on or
9  about March 7, 2019. Complainant felt she had no choice but to leave her
   employment given Costco had continued to retaliate and discriminate against her
10 based on her physical disability, and made little effort to engage in the interactive
11 process and provide her with her requested accommodations.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    -7-
                         *Complaint – DFEH No. 201905-06094209*
28
   Date Filed: May 9, 2019

1  VERIFICATION

2  I, **Benjamin S Silver**, am the **Attorney** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof. The matters alleged are
   based on information and belief, which I believe to be true.

4
   On May 9, 2019, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                              ·San Diego, California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                          -8-
27                        *Complaint – DFEH No. 201905-06094209*

28  Date Filed: May 9, 2019

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7072 |

PLAINTIFF(S) / PETITIONER(S):   Marisa Martinez

DEFENDANT(S) / RESPONDENT(S):  Costco Wholesale Corporation

MARTINEZ VS COSTCO WHOLESALE CORPORATION [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2019-00024444-CU-OE-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Timothy Taylor                                    Department: C-72

**COMPLAINT/PETITION FILED:** 05/13/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/18/2019 | 09:15 am | C-72 | Timothy Taylor |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2019-00024444-CU-OE-CTL     CASE TITLE: Martinez vs Costco Wholesale Corporation [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:      330 West Broadway

MAILING ADDRESS:     330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME:      Central

PLAINTIFF(S):   Marisa Martinez

DEFENDANT(S): Costco Wholesale Corporation

SHORT TITLE:   MARTINEZ VS COSTCO WHOLESALE CORPORATION [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2019-00024444-CU-OE-CTL |
|---|---|

Judge: Timothy Taylor                                    Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)          ☐ Non-binding private arbitration

☐ Mediation (private)                  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____              _____
Name of Plaintiff                              Name of Defendant

_____              _____
Signature                                      Signature

_____              _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____              _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 05/14/2019                                              _____
                                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION            Page: 1