UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISA MARTINEZ,<br><br>                     Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>                     Defendant. | Case No.: 19-CV-1195-GPC-WVG<br><br>**ORDER ON JOINT MOTION TO CONTINUE EXPERT DISCLOSURE DATE** |

On March 2, 2020, the Parties filed a Joint Motion to Continue the Expert Disclosure Date. (Doc. No. 14.) The Parties move the Court to continue (1) the March 6, 2020 expert disclosure deadline, as set by the operative Scheduling Order (Doc. No. 5), to April 20, 2020; (2) the April 3, 2020 supplemental and/or rebuttal expert disclosures deadline to May 18, 2020; and (3) the May 1, 2020 expert discovery cut-off to June 15, 2020. Based on the Parties' representations, the primary impetus for the Joint Motion appears to be Plaintiff's expert's unavailability to complete her expert report by the deadline provided in the Scheduling Order due to her two-week vacation beginning in March 2020. (Doc. No. 14, 2:24-27.) For the reasons set forth below, the Court DENIES the Parties' Joint Motion.

Rule 16(b) of the Federal Rules of Civil Procedure provides an operative scheduling order may only be amended for good cause. Fed. R. Civ. P. 16(b). The good cause standard

is informed by the parties' diligence throughout discovery. *Lerma-Mayoral v. City of El Centro*, 2017 WL 1807905, at *1 (S.D. Cal. May 5, 2017); *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Absent a showing of diligence, the Court's inquiry ends, and the timetable the operative scheduling order establishes remains binding. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992); *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. Apr. 25, 2003).

The Parties have failed to meet the standard set forth in Rule 16(b). The Joint Motion lacks any explanation regarding when Plaintiff's counsel first became aware of Plaintiff's expert's unavailability to complete the expert report in compliance with the operative scheduling order. In that vein, the Joint Motion does not suggest Plaintiff's counsel even considered retaining alternative experts with greater availability in an effort to meet the Court's deadline, or why such consideration was not possible. The Joint Motion also fails to explain why the Parties waited to bring their Joint Motion just four days before the expert disclosure deadline on March 6, 2020.

Moreover, the Joint Motion contradicts the Parties' representation in their January 16, 2020 Joint Motion to Amend Scheduling Order that their requested continuance of the fact discovery cut-off "would not affect the remainder of the dates and deadlines in the Scheduling Order." (Doc. No. 10, 3:10-21.) At the time, the Court relied on the Parties' representation when it granted the Parties' January 16, 2020 Joint Motion and extended the fact discovery cut-off in its January 22, 2020 Order (Doc. No. 12) following a discovery conference on the matter earlier that day. Now, the Parties represent otherwise and seek to set back three additional dates in the August 23, 2019 Scheduling Order, all without establishing exactly how they have applied their best efforts to meet the expert discovery-related dates set forth in the Scheduling Order. **IT IS SO ORDERED.**

Dated: March 3, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge