UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISA MARTINEZ,<br><br>         Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>         Defendant. | Case No.: 19-CV-1195-GPC-WVG<br><br>**ORDER ON DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION FOR ATTORNEYS' FEES** |

Pending before the Court is Costco Wholesale Corporation's ("Defendant") July 29, 2020 Motion for Attorneys' Fees. (Doc. No. 26.) Marisa Martinez ("Plaintiff") opposes Defendant's Motion and accordingly filed a Response in Opposition on August 5, 2020. (Doc. No. 27.) Having reviewed and considered the Parties' submissions, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion.

**I. BACKGROUND**

On May 18, 2020, Defendant filed a Motion to Strike Plaintiff's Supplemental Expert Report pursuant to the Court's May 13, 2020 Order Setting Briefing Schedule on Discovery Dispute (Doc. No. 18). (Doc. No. 19.) In relevant part, Defendant requested sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure in the amount of

$5,272.50 in connection with its discovery motion practice. (*Id*.) In his supporting declaration, defense counsel, Matthew McConnell ("McConnell"), noted the fees requested represent the time his associate, Sieun Lee ("Lee"), billed to the matter. (Doc. No. 19-1, 3:27-4:7.) McConnell added the amount requested "does not reflect the additional time and fees that will be incurred reviewing Plaintiff's responsive brief and preparing for and participating in any hearing." (Doc. No. 19-1, 4: 9-11.)[1] On May 22, 2020, Plaintiff filed her Opposition to Defendant's Motion to Strike. (Doc. No. 20.) In doing so, Plaintiff rejected Defendant's request for sanctions in contending "sanctions against Plaintiff are not warranted here." (Doc. No. 20, 13:18.)

On July 22, 2020, the Court granted Defendant's Motion to Strike, denied without prejudice Defendant's request for attorneys' fees in the amount of $5,257.50, and invited Defendant to file its time records, billing statements, and a Motion for Attorneys' Fees to account for the fees requested in Defendant's Motion to Strike. (Doc. No. 24.) On July 29, 2020, Defendant filed the instant Motion for Attorneys' Fees and "now moves for an order for monetary sanctions in the form of attorneys' fees in the total amount of $15,784.50." (Doc. No. 26, 5:17-18.) In doing so, Defendant explained the "amount consists of $10,845.00 that Defendant was forced to incur in bringing the motion to strike… and $4,939.50 that it incurred in preparing the present motion." (*Id*., 5:18-21.)

On August 5, 2020, Plaintiff filed her Opposition to Defendant's Motion for Attorneys' Fees and makes a number of arguments, as sampled here. (Doc. No. 27.) Plaintiff first argues Defendant is not entitled to any fees as to its instant Motion for Attorneys' Fees because Defendant limited itself to seeking a sanction of $5,272.50 in its Motion to Strike. (*Id*., 4: 16-19.) Plaintiff adds Defendant improperly inflated its request for fees in connection with the Motion to Strike by increasing the number of hours Lee worked and by tacking on McConnell's time, when Defendant's Motion to Strike failed to

---

[1] No hearing was held. The Court ruled on the Motion based solely on the Parties' papers.

request for compensation for his time. (*Id.*, 5:25-6:11.) Further, Plaintiff observes, in its Motion to Strike, Defendant "left the door open to request more fees by stating that additional time will be needed for 'reviewing Plaintiff's responsive brief and preparing for any participating in any [discovery] hearing'" but that, ultimately, neither situation resulted. (*Id.*, 5:13-16.)

## II. LEGAL STANDARD

Rule 37(c) of the Federal Rules of Civil Procedure "gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Rule excludes untimely expert witness testimony, unless the "parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd.*, 259 F.3d at 1062. In its July 22, 2020 Order, the Court "f[ound] Plaintiff has shown neither justifiability nor harmlessness" for its untimely service of and substantively improper supplemental expert report. (Doc. No. 24, 11:10-11.) Thus, for purposes of this Order, the Court applies Rule 37(c)(1)(A)'s specific provision stating, "In addition to or instead of this sanction [striking the use of information a party failed to timely disclose under Rule 26(a) or (e)], the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37. Consequently, the question before the Court is not *whether* a sanctions award of attorneys' fees from Plaintiff to Defendant is appropriate (it is), but rather, to what extent such fees should be awarded.

The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Flowrider Surf, Ltd. v. Pacific Surf Designs, Inc.*, 2017 WL 2212029, at *1 (S.D. Cal., May 18, 2017) (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)). To determine an appropriate fee award, the court first "multipl[ies] the number of hours reasonably spent on the litigation by a reasonable hourly rate." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Importantly, the number of hours reasonably spent on litigation excludes those

that are "excessive, redundant, or otherwise unnecessary." *Id*. (quoting *Hensley*, 461 U.S. at 434). As to the reasonable hourly rate, the court discerns the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)); *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "In this case, the relevant community is the Southern District of California because it is 'the forum in which the district court sits.'" *Ruiz v. XPO Last Mile, Inc.*, 2017 WL 1421996, at *2 (S.D. Cal., Apr. 20, 2017) (citing *Camacho*, 523 F.3d at 979); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). At all times, the fee applicant bears the initial burden of substantiating the amount of hours worked and the rate claimed and "should provide documentary evidence to the court concerning the number of hours spent and how it determined the hourly rate(s) requested." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005); *Hensley*, 461 U.S. at 433.

### III. DISCUSSION

#### a. Reasonableness of Hours Defense Counsel Worked on Defendant's Motion to Strike and Motion for Attorneys' Fees

Here, defense counsel seeks remuneration for 19.4 hours counsel expended to prepare and file the Motion to Strike, specifically 15.5 hours for Lee's time and 3.9 hours for McConnell's time, and for 8.9 hours Lee expended to prepare and file the instant Motion for Attorneys' Fees. (Doc. No. 26, 12:22-24.) The Court addresses the hours of work associated with each motion in turn. In doing so, it finds the number of hours for which defense counsel seeks compensation unreasonable to certain extents and for varying reasons.

##### i. Defendant's Motion to Strike

Regarding Defendant's Motion to Strike, the Court's July 22, 2020 Order granting Defendant's Motion expressly stated, "Defendant shall file and provide to opposing counsel no later than Wednesday, July 29, 2020 its time records and costs sheets to support the requested sanction." (Doc. No. 24, 12:10-12.) In doing so, the Court invited Defendant

to substantiate its *requested* $5,272.50 sanctions against Plaintiff. The Court did not suggest Defendant could scour its internal records to unearth additional time entries and thereby inflate its initial request for attorneys' fees. Nevertheless, Defendant did just that and now seeks $10,845.00 for counsel's time spent on the Motion to Strike, nearly double its original asking price. (Doc. No. 26, 5:17-21.) This circumstance troubles the Court.

In his Declaration in support of Defendant's Motion to Strike, McConnell averred, "Ms. Lee spent 9.5 hours putting together this brief and the accompanying declaration" and added nothing more. (Doc. No. 19, Ex. 1, 4:6-7.) Defendant now reports Lee worked an additional six hours, for a total of 15.5 hours, thus contradicting McConnell's representations in his Declaration for Defendant's Motion to Strike. In accepting Defendant's latest representations as true, the Court strains to find good cause for Defendant's failure to fully report all hours worked on Defendant's Motion to Strike at the time of the Motion's filing. Given McConnell supervised Lee on the Motion to Strike, there appears to be no plausible reason for McConnell's seemingly inaccurate reporting and gross underrepresentation of the total hours Lee worked at the time of Defendant's Motion to Strike filing. In reviewing Lee's time records associated with Defendant's Motion to Strike, it appears all six of the additional hours reported to the Court involve preparing, drafting, and finalizing the Motion to Strike and McConnell's Declaration in support of same. Although Defendant appropriately reserved in its Motion to Strike room to request additional fees for review of Plaintiff's Opposition and preparing for any hearing on the matter, defense counsel billed for neither event. Nor could they do so because the Court did not order Defendant to reply to Plaintiff's Opposition, and it also did not convene a hearing on the dispute.

Under these circumstances, it is clear that a conversation between Lee and McConnell could have resolved the discrepancy in their reported time and avoided muddying the record for the Court. For this reason, the Court is inclined to limit the number of hours Lee worked on the Motion to Strike to those initially reported in McConnell's May 18, 2020 Declaration. The Court also declines to consider in its ruling McConnell's

reported 3.9 hours worked on Defendant's Motion to Strike. McConnell was remiss in failing to report his own time purportedly spent on the Motion to Strike at the time of the Motion's filing. The Court cannot fathom why this omission was made, particularly because McConnell had personal knowledge of what exactly he did on the Motion to Strike and how long it took him. That he neglected to report this information in his May 18, 2020 Declaration is neither the Court's nor Plaintiff's concern.

### ii. Defendant's Motion for Attorneys' Fees

The Court next turns to the reasonableness of the 8.9 hours Defendant incurred for purposes of filing the instant Motion. (Doc. No. 26, 12:22-24.) A study of Defendant's Motion demonstrates the first five pages of the Motion, particularly the entirety of Section II: Background, rehash – at considerable length– information already stated in Defendant's Motion to Strike. As noted, the Court is not bound to consider in resolving Defendant's Motion hours that are "excessive, redundant, or otherwise unnecessary" and the time defense counsel expended in drafting roughly the first half of the instant Motion falls squarely in such category. *McCown*, 565 F.3d at 1102 (citing *Hensley*, 461 U.S. at 434). Accordingly, the Court finds unreasonable Defendant's request for sanctions equivalent to 8.9 hours of defense counsel's time spent preparing and drafting the instant Motion. For this reason, the Court reduces defense counsel's number of hours by 3.0 hours, a one-third reduction of its reported 8.9 hours, to reflect the superfluousness of the first half of the Defendant's Motion for Attorneys' Fees.

Given the above, the Court reduces Defendant's request for a fee award from the reported 19.4 hours counsel spent preparing and filing the Motion to Strike and the 8.9 hours counsel spent preparing and filing the Motion for Attorney's Fees. The Court finds the total compensable time at issue here should be the 9.5 hours Lee alone worked and reported to the Court in Defendant's May 18, 2020 Motion to Strike and the 5.9 hours counsel worked on the instant Motion for Attorneys' Fees for a total of 15.4 hours of compensable time.

/ / /

### iii. Review of Itemized Billing Entries

The Court's inquiry does not end just yet. Importantly, Rule 37 mandates that monetary sanctions must consist of "reasonable expenses incurred in *making* the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, 2019 WL 3769191, at *9 (S.D. Cal. Aug. 9, 2019) (citing rule and applying to exclusion of time counsel and paralegal "spent on meeting and conferring regarding discovery disputes or reviewing discovery responses and production"). Thus, in determining the reasonable attorneys' fees, the Court excludes the time defense counsel spent incurred in preparing for and participating in telephonic conferences with Plaintiff's counsel and this Court's Chambers, both of which are also normal expenses incurred in the course of litigation. Specifically, the Court excludes the following charges incurred on May 13, 2020:

- "Prepared for call with clerk re plaintiff's expert's updated report. (.3)"
- "Telephone conference with clerk and counsel. (.5)"
- "Prepared and drafted correspondence to opposing counsel and law clerk re discovery dispute. (0.2)"
- "Attended informal discovery dispute conference with Judge Gallo's law clerk. (0.5)"

The Court also excludes the following charge incurred on July 28, 2020:

- "Corresponded with Judge Gallo's chambers re briefing on Costco's request for attorneys' fees and costs (0.2)"

Accordingly, the Court further reduces the total of 15.4 hours of counsel's work on the Motion to Strike and Motion for Attorneys' Fees by 1.7 hours, yielding a balance of 13.7 hours of Lee's time worked for which Plaintiff shall be responsible in paying as sanctions under Rule 37(c). The Court next turns to the reasonableness of the hourly rate defense counsel set for its work on both Motions.

/ / /

/ / /

### b. Reasonableness of Hourly Rate Applied to Lee for Defendant's Motion to Strike and Motion for Attorneys' Fees

Given its decision to exclude McConnell's fees from the sanctions award at issue here, the Court only analyzes the reasonableness of the $555 hourly rate Defendant applies to Lee's time spent working on the Motion to Strike and Motion for Attorneys' Fees. As noted, Defendant bears the initial burden of establishing the reasonableness of the hourly rate applied to its request for monetary sanctions in the form of attorneys' fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1206 (9th Cir. 2013) (quoting *Dang*, 422 F.3d at 814 ("the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards")). "Affidavits of the [fee applicant] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases are satisfactory evidence of the prevailing market rate." *Ruiz*, 2017 WL 1421996, at *4 (S.D. Cal., Apr. 20, 2017) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).

At first blush, the Court is as struck as Plaintiff by the $20.00 difference between Lee and McConnell's hourly rates, particularly given McConnell has many more years of experience in practicing law than Lee (16 years, to be exact). This circumstance alone raises the question of whether McConnell's rate is unreasonably low and, relatedly, whether Lee's rate is unreasonably high. Of course, it is Defendant's burden to establish the reasonableness of Lee's rate here as the fee applicant, given that only Lee's hourly rate is at issue. To do so, supervising counsel on this matter, Tara Wilcox ("Wilcox") testified in her Declaration in Support of Defendant's Motion for Attorneys' Fees she is "generally familiar with the rates charged by large firms in San Diego" and "based on [her] knowledge, litigation partners and associates at peer firms with experience comparable to Mr. McConnell and Ms. Lee charged a similar or greater average standard rate in 2020." (Doc. No. 26-1, 5:23-28.) While there is no reason to doubt counsel's representations, Defendant did not produce evidence beyond that of a self-serving declaration confirming the prevailing hourly rate for Lee's credentials and experience. *Sanchez*, 2019 WL 376919

at *11 (contrast with *Sanchez*, where "Plaintiff's counsel filed under seal a Peer Monitor report, 'which compiled actual billing entry data from fourteen (14) peer firms within San Diego from March 2018 through February 2019' to show that its rates are below the median rates of the relevant professionals in the report").

Further, the authority Defendant cites to support Lee's hourly rate primarily arises from the Central District Court of California. Thus, this Court is not obligated to adopt the rates the Central District finds reasonable; rather, it looks to its own District for determining a reasonable hourly rate applicable to Lee. The relevant authority exists within this District and suggests $555 exceeds the upper end of reasonable hourly rates for a fourth-year associate as Lee, practicing in San Diego, California, at large-sized firm with an international presence. *Flowrider Surf, Ltd.*, 2017 WL 2212029, at *2 (S.D. Cal. May 18, 2017) (finding reasonable $480 hourly rate for fourth-year associate at international intellectual property firm); *Whitewater West Industries, Ltd. v. Pacific Surf Designs, Inc.*, 2019 WL 2209398, at *3 (S.D. Cal., May 22, 2019) (finding reasonable fourth-year associate's hourly rate of $325 in San Diego, California at nationwide firm); *Sanchez*, 2019 WL 3769191, at *12 (S.D. Cal., Aug. 9, 2019) (finding reasonable fifth-year associate's hourly rate of $375 in San Diego, California at 150-lawyer firm); see also *Price v. Synapse Group, Inc.*, 2018 WL 9517269, at *2 (S.D. Cal. Sept. 24, 2018) (citing seven cases from Southern District Court of California in finding reasonable $725 hourly rate of 31-year partner practicing in San Diego at international law firm and $550 hourly rate of 12-year associate).

Accordingly, the Court finds the $555 hourly rate Defendant applies to Lee unreasonable, given her four years of legal experience in light of the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Davis v. City & Cty. of S.F.*, 976 F.2d 1536, 1545 (9th Cir. 1992); *Camacho*, 523 F.3d at 979. For that reason, the Court reduces Lee's hourly rate to $480 and applies it to the balance of the 13.7 reasonable hours Lee expended in working on Defendant's Motion to Strike and Motion for Attorneys' Fees.

## IV. CONCLUSION

In light of the above, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Attorneys' Fees filed pursuant to Rule 37. No later than fourteen (14) days of this Order's issuance, Plaintiff shall compensate Defendant for 13.7 hours of defense counsel's time spent working on Defendant's Motion to Strike and Motion for Attorney's Fees at Lee's reasonable hourly rate as determined by this Court, $480, amounting to a total of $6,576.00.

**IT IS SO ORDERED.**

Dated: August 12, 2020

Hon. William V. Gallo
United States Magistrate Judge