UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISA MARTINEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　　　　　　Defendant. | Case No.: 19-CV-1195-GPC-WVG<br><br>**ORDER VACATING MANDATORY SETTLEMENT CONFERENCE #2** |

　　　　On August 21, 2020, Judge Curiel issued an order on Costco Wholesale Corporation's ("Costco") June 5, 2020 Motion for Partial Summary Judgment ("MSJ") (Doc. No. 21). (Doc. No. 30.) The Court granted summary judgment in favor of Costco on Plaintiff's negligent supervision claim; Costco lost summary judgment on the six other claims it briefed in its MSJ. (*Id*., 35:21-24.) On October 2, 2020, Judge Curiel convened the Pre-Trial Conference. (Doc. No. 37.) At the Conference, the Parties represented they were "agreeable to attending [another] mandatory settlement conference before Magistrate Judge Gallo." (*Id*.) Accordingly, the Parties requested that this Court set a second Mandatory Settlement Conference ("MSC") to resolve the litigation. The Court granted the Parties' request in its October 7, 2020 Order and set a Second MSC for Friday, November

20, 2020 at 2:00 p.m. (Doc. No. 38.) The Court did not take the Parties' request lightly, given the combative nature of this litigation and the Parties' historic refusal to make measurable progress at the Early Neutral Evaluation Conference ("ENE") and the First MSC. Accordingly, the Court ordered "the Parties to diligently meet and confer to informally resolve the action prior to the November 20, 2020 Second MSC" and lodge a joint status report outlining "(1) all efforts they have made to reach resolution, (2) the most recent offer and counteroffer presented; and (3) what impediments may remain for purposes of settlement." (*Id*., 4:6-12.)

The Parties timely lodged their joint status report. After reviewing the report, the Court hereby VACATES the November 20, 2020 Second MSC. The Parties' refusal to give a proverbial inch is glaring. After engaging in two Court-sponsored settlement conferences, frequent discovery disputes and motion practice, and strained summary judgment proceedings, the Parties submit that their settlement postures have not changed *since the onset of this litigation*. Costco's position is particularly unsettling, given its nearly exhaustive defeat on summary judgment and its unwillingness to comply with the Court's October 7, 2020 Order to engage in meaningful settlement discussions prior to the Second MSC. Rather than account for Judge Curiel's August 21, 2020 Order on summary judgment in responding to Plaintiff's demand, Costco rebuffed making any concessions. This circumstance, coupled with Plaintiff's failure to adjust her settlement demand by any amount, leaves the Court to conclude a third bite at mediation will bear no fruit. The Court will not dedicate its limited resources to a second MSC, given the Parties' intransigence and refusal to assist the Court in its settlement efforts by simply meeting and conferring in good faith.

**IT IS SO ORDERED.**

Dated: November 13, 2020

Hon. William V. Gallo
United States Magistrate Judge