1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISA MARTINEZ,<br><br>                                    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE<br>CORPORATION,<br><br>                                    Defendant. | Case No.: 19-CV-1195-WVG<br><br>**COURT'S [PROPOSED] CLOSING<br>JURY INSTRUCTIONS**<br><br>**THIRD SET** |

## INSTRUCTION NO. 1.

### 1.4 Duty of Jury – End of Case

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Authority:**  9th Cir. Civ. Model Instr. 1.4 (2017).


_____ ACCEPT        _____REJECT        _____MODIFY

# INSTRUCTION NO. 2.

## 1.6 Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:**  9th Cir. Civ. Model Instr. 1.6 (2017)

_____ ACCEPT          _____REJECT          _____MODIFY

1

2

## <u>INSTRUCTION NO. 3.</u>

3

**1.7 Burden of Proof—Clear and Convincing Evidence**

4

5

When a party has the burden of proving any claim or defense by clear and convincing

6

evidence, it means that the party must present evidence that leaves you with a firm belief

7

or conviction that it is highly probable that the factual contentions of the claim or defense

8

are true. This is a higher standard of proof than proof by a preponderance of the evidence,

9

but it does not require proof beyond a reasonable doubt.

10

11

**Authority:**  9th Cir. Civ. Model Instr. 1.7 (2017)

12

13

_____ ACCEPT          _____REJECT          _____MODIFY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1
2
# INSTRUCTION NO. 4.

3
## 1.9 What Is Evidence

4

5      The evidence you are to consider in deciding what the facts are consists of:

6      1. the sworn testimony of any witness;

7      2. the exhibits that are admitted into evidence;

8      3. any facts to which the lawyers have agreed; and

9      4. any facts that I have instructed you to accept as proved.

10

11 **Authority:**  9th Cir. Civ. Model Instr. 1.9 (2017)

12

13 _____ ACCEPT        _____REJECT        _____MODIFY

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

19-CV-1195-WVG

# **INSTRUCTION NO. 5.**

### **1.10 What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:**  9th Cir. Civ. Model Instr. 1.10 (2017)

_____ ACCEPT          _____REJECT          _____MODIFY

# INSTRUCTION NO. 6.

## 1.12 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**Authority:**  9th Cir. Civ. Model Instr. 1.12 (2017)


_____ ACCEPT        _____REJECT        _____MODIFY

# INSTRUCTION NO. 7.

## 1.14 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

>（1) the opportunity and ability of the witness to see or hear or know the things testified to;

>（2) the witness's memory;

>（3) the witness's manner while testifying;

>（4) the witness's interest in the outcome of the case, if any;

>（5) the witness's bias or prejudice, if any;

>（6) whether other evidence contradicted the witness's testimony;

>（7) the reasonableness of the witness's testimony in light of all the evidence; and

>（8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1       The weight of the evidence as to a fact does not necessarily depend on the number

2   of witnesses who testify. What is important is how believable the witnesses were, and how

3   much weight you think their testimony deserves.

4

5   **Authority:**  9th Cir. Civ. Model Instr. 1.14 (2017)

6

7   _____ ACCEPT        _____REJECT        _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 8.

## 2.4 Deposition In Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Authority**:  9th Cir. Civ. Model Instr. 2.4 (2017)

_____ ACCEPT         _____REJECT          _____MODIFY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTION NO. 9.

### 2.9 Impeachment Evidence – Witness

The evidence that a witness lied under oath on a prior occasion or made a prior inconsistent statement, may be considered along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:**  9th Cir. Civ. Model Instr. 2.9 (2017)

_____ ACCEPT         _____REJECT         _____MODIFY

# **INSTRUCTION NO. 10.**

### **2.13 Expert Opinion**

You have heard testimony from Dr. Brian Lenzkes, Dr. Mark Kalish, and Debra Reilly, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses. Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority:**  9th Cir. Civ. Model Instr. 2.13 (2017)

_____ ACCEPT          _____REJECT          _____MODIFY

19-CV-1195-WVG

# **INSTRUCTION NO. 11.**

### **2.14 Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:**  9th Cir. Civ. Model Instr. 2.14 (2017)

_____ ACCEPT        _____REJECT        _____MODIFY

# **INSTRUCTION NO. 12.**

### **2.15 Charts and Summaries Received in Evidence**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:**  9th Cir. Civ. Model Instr. 2.15 (2017)

_____ ACCEPT          _____REJECT          _____MODIFY

# INSTRUCTION NO. 13.

## 3.1 Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:**  9th Cir. Civ. Model Instr. 3.1 (2017)

_____ ACCEPT          _____REJECT          _____MODIFY

# **INSTRUCTION NO. 14.**

### **3.2 Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view

19-CV-1195-WVG

any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Authority:**  9th Cir. Civ. Model Instr. 3.2 (2017)

_____ ACCEPT          _____REJECT          _____MODIFY

# INSTRUCTION NO. 15.

## 4.1 Corporations And Partnerships—Fair Treatment

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Authority:**  9th Cir. Civ. Model Instr. 4.1 (2017)

_____ ACCEPT        _____REJECT        _____MODIFY

19-CV-1195-WVG

# **INSTRUCTION NO. 16.**

## **CACI 2540 - Disability Discrimination—Disparate Treatment—Essential Factual Elements**

Marisa Martinez claims that Costco Wholesale Corporation wrongfully discriminated against her based on her disabilities of anxiety and/or depression. To establish this claim, Marisa Martinez must prove all of the following:

1. That Costco Wholesale Corporation was an employer;

2. That Marisa Martinez was an employee of Costco Wholesale Corporation;

3. That Costco Wholesale Corporation knew that Marisa Martinez had anxiety and/or depression that limited her ability to work;

4. That Marisa Martinez was able to perform the essential job duties of her Mexico Buyer position, either with or without reasonable accommodation for her anxiety and/or depression;

5. That Costco Wholesale Corporation subjected Marisa Martinez to an adverse employment action, including but not limited to constructively terminating her employment;

6. That Marisa Martinez's anxiety and/or depression was a substantial motivating reason for Costco Wholesale Corporation's adverse employment action(s) against Marisa Martinez;

7. That Marisa Martinez was harmed; and

8. That Costco Wholesale Corporation's conduct was a substantial factor in causing Marisa Martinez's harm.

/ / /

/ / /

1     Marisa Martinez does not need to prove that Costco Wholesale Corporation held any

2   ill will or animosity toward her personally because she was disabled.

3

4   **Authority:**   CACI 2540; *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 354-55 (2000);

5               *Reeves v. MV Transp., Inc.*, 186 Cal. App. 4th 666, 669, 677 (2010).

6

7   _____ ACCEPT        _____REJECT        _____MODIFY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **INSTRUCTION NO. 17.**

## **CACI 2507 - "Substantial Motivating Reason" Explained**

A "substantial motivating reason" is a reason that actually contributed to the decision to take an adverse employment action against Marisa Martinez.  It must be more than a remote or trivial reason. It does not have to be the only reason motivating the decision to take an adverse employment action against Marisa Martinez.

**Authority:**  CACI 2507.

_____ ACCEPT          _____REJECT          _____MODIFY

# INSTRUCTION NO. 18.

## CACI 2509 - "Adverse Employment Action" Explained

Marisa Martinez must prove that she was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion.  There is an adverse employment action if Costco Wholesale Corporation has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Marisa Martinez's employment. An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion. However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

**Authority:**  CACI 2509.

_____ ACCEPT          _____REJECT          _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 19.

## CACI 2510. "Constructive Discharge" Explained

Ms. Martinez must prove that she was constructively discharged. To establish constructive discharged, Ms. Martinez must prove the following:

1.    That Costco Wholesale Corporation intentionally created or knowingly permitted working conditions to exist that were so intolerable that a reasonable person in Ms. Martinez's position would have had no reasonable alternative except to resign; and

2.    That Ms. Martinez resigned because of these working conditions.

In order to be sufficiently intolerable, adverse working conditions must be unusually aggravated or amount to a continuous pattern. In general, single, trivial, or isolated acts of misconduct are insufficient to support a constructive discharge claim. But in some circumstances, a single intolerable incident may constitute a constructive discharge.

**Authority:**  CACI 2510.

_____ ACCEPT          _____REJECT          _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 20.

**CACI 2505 - Retaliation—Essential Factual Elements (Gov. Code, § 12940(h))**

Ms. Martinez claims that Costco Wholesale Corporation retaliated against her for opposing Costco Wholesale Corporation's discrimination based on her disability, for opposing Costco Wholesale Corporation's failure to accommodate her, for opposing Costco Wholesale Corporation's failure to engage in the good faith timely interactive process, and/or for opposing retaliation.

To establish this claim, Ms. Martinez must prove all of the following:

1.  That Ms. Martinez opposed Costco Wholesale Corporation's discrimination based on her disability, failure to accommodate her, failure to engage in the good faith timely interactive process, and/or retaliation;

2.  That Costco Wholesale Corporation subjected Ms. Martinez to an adverse employment action, including but not limited to constructively terminating her employment;

3.  That Ms. Martinez's opposition to Costco Wholesale Corporation's discrimination based on her disability, failure to accommodate her, failure to engage in the good faith timely interactive process, and/or retaliation was a substantial motivating reason for Costco Wholesale Corporation's decision to subject Ms. Martinez to an adverse employment action including but not limited to constructively terminating her employment;

4.  That Ms. Martinez was harmed; and

5.  That Costco Wholesale Corporation's decision to subject Ms. Martinez to an adverse employment action including but not limited to

19-CV-1195-WVG

constructively terminating her employment was a substantial factor in causing him harm.

Ms. Martinez does not have to prove discrimination based on her disability, failure to accommodate, failure to engage in the good faith timely interactive process, and/or retaliation in order to be protected from retaliation. If she reasonably believed that Costco Wholesale Corporation's conduct was unlawful, she may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination based on her disability, failure to accommodate, failure to engage in the good faith timely interactive process, and/or retaliation.

**Authority:**  CACI 2505.


_____ ACCEPT          _____REJECT          _____MODIFY

# INSTRUCTION NO. 21.

## CACI 2513 - Business Judgment

In California, employment is presumed to be "at will."  That means that an employer may take an adverse action against an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory and/or retaliatory reason.

**Authority:**  CACI 2513.

_____ ACCEPT          _____REJECT          _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 22.

## CACI 2541 - Disability Discrimination – Reasonable Accommodation – Essential Factual Elements (Gov. Code § 12940(m))

Marisa Martinez claims that Costco Wholesale Corporation failed to reasonably accommodate her disabilities of anxiety and/or depression. To establish this claim, Marisa Martinez must prove all of the following:

1.  That Marisa Martinez was an employee of Costco Wholesale Corporation;

2.  That Marisa Martinez had anxiety and/or depression that limited her ability to work;

3.  That Costco Wholesale Corporation knew of Marisa Martinez's anxiety and/or depression that limited her ability to work;

4.  That Marisa Martinez was able to perform the essential job duties of her current position with reasonable accommodation for her anxiety and/or depression;

5.  That Costco Wholesale Corporation failed to provide reasonable accommodation for Marisa Martinez's anxiety and/or depression;

6.  That Marisa Martinez was harmed; and

7.  That Costco Wholesale Corporation's failure to provide reasonable accommodation was a substantial factor in causing Marisa Martinez's harm.

**Authority:** CACI 2541.

_____ ACCEPT          _____REJECT          _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 23.

## CACI 2542 - Disability Discrimination - "Reasonable Accommodation" Explained

A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job.

Reasonable accommodations may include the following:

a. Making the workplace readily accessible to and usable by employees with disabilities;

b. Changing job responsibilities or work schedules;

c. Reassigning the employee to a vacant position;

d. Modifying or providing equipment or devices;

e. Modifying tests or training materials;

f. Providing qualified interpreters or readers; or

g. Providing other similar accommodations for an individual with a disability; or

h. Providing a paid or unpaid leave of absence.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith. When an employee can work with a reasonable accommodation other than a leave of absence, an employer may not require that the employee take a leave of absence.

**Authority:** CACI No. 2542

_____ ACCEPT          _____REJECT          _____MODIFY

## INSTRUCTION NO. 24.

### CACI 2543 - Disability Discrimination - "Essential Job Duties" Explained

In deciding whether a job duty is essential, you may consider, among other factors, the following:

    1.    Whether the reason the job exists is to perform that duty;

    2.    Whether there is a limited number of employees available who can perform that duty;

    3.    Whether the job duty is highly specialized so that the person currently holding the position was hired for his or her expertise or ability to perform the particular duty.

Evidence of whether a particular duty is essential includes, but is not limited to, the following:

    1.    Costco Wholesale Corporation's judgment as to which functions are essential;

    2.    Written job descriptions prepared before advertising or interviewing applicants for the job;

    3.    The amount of time spent on the job performing the duty;

    4.    The consequences of not requiring the person currently holding the position to perform the duty;

    5.    The terms of a collective bargaining agreement;

    6.    The work experiences of past persons holding the job;

    7.    The current work experience of persons holding similar jobs;

    8.    Reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position. "Marginal duties" are those that, if not performed would not eliminate the need for the job, or those

19-CV-1195-WVG

that could be readily performed by another employee, or those that could be performed in another way.

**Authority:** CACI No. 2543

_____ ACCEPT          _____REJECT          _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 25.

## CACI 2546 - Disability Discrimination - Reasonable Accommodation - Failure to Engage in the Interactive Process (Gov. Code, § 12940(n))

Marisa Martinez contends that Costco Wholesale Corporation failed to engage in a good faith, interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that Ms. Martinez could perform the essential functions of her position.  In order to establish this claim, Marisa Martinez must prove the following:

1.    That Marisa Martinez was an employee of Costco Wholesale Corporation;

2.    That Marisa Martinez had a disability of anxiety and/or depression that was known to Costco Wholesale Corporation;

3.    That Marisa Martinez requested that Costco Wholesale Corporation make reasonable accommodation for her disability so that she would be able to perform the essential job requirements;

4.    That Marisa Martinez was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements;

5.    That Costco Wholesale Corporation failed to participate in a timely good-faith interactive process with Marisa Martinez to determine whether reasonable accommodation could be made;

/ / /

/ / /

/ / /

19-CV-1195-WVG

6. That Marisa Martinez was harmed; and

7. That Costco Wholesale Corporation's failure to engage in a good-faith interactive process was a substantial factor in causing Marisa Martinez's harm.

**Authority:** CACI 2546

_____ ACCEPT         _____REJECT         _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 26.

## CACI 4603 - Whistleblower Protection – Essential Factual Elements (Labor Code Section 1102.5)

Marisa Martinez claims that Costco Wholesale Corporation subjected her to an adverse employment action, including but not limited to constructively terminating her employment, in retaliation for her disclosure of information of an unlawful act. In order to establish this claim, Marisa Martinez must prove all of the following:

1. That Costco Wholesale Corporation was Marisa Martinez's employer;

2. That Marisa Martinez disclosed to an employee with authority to investigate, discover, or correct legal violations or legal noncompliance that Costco Wholesale Corporation was not providing a safe work environment;

3. That Marisa Martinez had reasonable cause to believe that the information disclosed a violation of a state statute or regulation;

4. That Costco Wholesale Corporation subjected Marisa Martinez to an adverse employment action, including but not limited to constructively terminating her employment;

5. That Marisa Martinez's disclosure of information was a contributing factor in Costco Wholesale Corporation's decision to take an adverse employment action against Marisa Martinez, including but not limited to constructively terminating her employment;

6. That Marisa Martinez was harmed; and

7. That Costco Wholesale Corporation's conduct was a substantial factor in causing Marisa Martinez's harm.

The disclosure of policies that an employee believes to be merely unwise, wasteful, gross misconduct, or the like, is not protected.  Instead, Marisa Martinez must have reasonably believed that Costco Wholesale Corporation's policies violated federal, state, or local statutes, rules, or regulations.  It is not Marisa Martinez's motivation for her

19-CV-1195-WVG

disclosure, but only the content of that disclosure, that determines whether the disclosure is protected.

**Authority**:  CACI 4603.

_____ ACCEPT        _____REJECT        _____MODIFY

1

## **INSTRUCTION NO. 27.**

2

3       **CACI 4604 - Affirmative Defense—Same Decision (Lab. Code, § 1102.6)**

4

5       If Marisa Martinez proves that her disclosure of information of an unlawful act was

6   a contributing factor to her suffering an adverse employment action, Costco Wholesale

7   Corporation is not liable if it proves by clear and convincing evidence that it would have

8   taken the adverse employment action against Ms. Martinez anyway at that time for

9   legitimate, independent reasons.

10

11  **Authority**:  CACI 4604.

12

13  _____ ACCEPT        _____REJECT        _____MODIFY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

# INSTRUCTION NO. 28.

3

4

## CACI 3900. Introduction to Tort Damages—Liability Contested

5

6    If you decide that Ms. Martinez has proved her claims against Costco Wholesale

7    Corporation, you also must decide how much money will reasonably compensate Ms.

     Martinez for the harm. This compensation is called "damages."

8    The amount of damages must include an award for each item of harm that was caused

9    by Costco Wholesale Corporation's wrongful conduct, even if the particular harm could

10   not have been anticipated.

11   Ms. Martinez does not have to prove the exact amount of damages that will provide

12   reasonable compensation for the harm. However, you must not speculate or guess in

13   awarding damages.

14

15   **Authority:**  CACI 3900.

16

17   _____ ACCEPT          _____REJECT          _____MODIFY

18

19

20

21

22

23

24

25

26

27

28

19-CV-1195-WVG

# **INSTRUCTION NO. 29.**

## **CACI 3934 - Damages on Multiple Legal Theories**

Ms. Martinez seeks damages from Costco Wholesale Corporation under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Costco Wholesale Corporation is liable to Ms. Martinez under the following legal theories:

1.    Disability discrimination in violation of California Government Code section 12940(a);

2.    Failure to accommodate in violation of California Government Code section 12940(m);

3.    Failure to engage in the interactive process in violation of California Government Code 12940(n);

4.    Retaliation/Wrongful Constructive Termination in violation of California Government Code 12940(h); and

5.    Retaliation in violation of the California Labor Code section 1102.5.

The following items of damages are recoverable only once under all of the above legal theories:

1.    Lost income; and

2.    Emotional distress.

**Authority:**  CACI 3934.


_____ ACCEPT         _____REJECT         _____MODIFY

# INSTRUCTION NO. 30.

## 5.1 Damages—Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1.  The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future; and

2.  The reasonable value of wages, earnings, earning capacity, salary, employment opportunities, and employment benefits lost up to Marisa Martinez's resignation of employment.

If you find that Costco Wholesale Corporation constructively discharged Marisa Martinez's employment, you may also consider:

3.  The reasonable value of wages, earnings, earning capacity, salary, employment opportunities, and employment benefits lost since Marisa Martinez's resignation of employment.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority:**   9th Cir. Civ. Model Instr. 5.1 (2017)

_____ ACCEPT          _____REJECT          _____MODIFY

# INSTRUCTION NO. 31.

## 5.2 Measures of Types of Damages

In determining the measure of damages, you should consider:

The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future; and

The reasonable value of wages, earnings, earning capacity, salary, employment opportunities, and employment benefits lost up to Marisa Martinez's resignation of employment.

If you find that Costco Wholesale Corporation constructively discharged Marisa Martinez's employment, you may also consider:

The reasonable value of wages, earnings, earning capacity, salary, employment opportunities, and employment benefits lost since Marisa Martinez's resignation of employment.

**Authority:**   9th Cir. Civ. Model Instr. 5.2 (2017)


_____ ACCEPT         _____REJECT          _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 32.

## CACI 3927 – Aggravation of Preexisting Condition or Disability

Ms. Martinez is not entitled to damages for any physical or emotional condition that she had before Costco Wholesale Corporation's conduct occurred. However, if Ms. Martinez had a physical or emotional condition that was made worse by Costco Wholesale Corporation's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

**Authority:** CACI 3927

_____ ACCEPT        _____REJECT        _____MODIFY

# INSTRUCTION NO. 33.

## 5.3 - Damages—Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

    1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.    the amount by which damages would have been mitigated.

**Authority:**  9th Cir. Civ. Model Instr. 5.3 (2017)


_____ ACCEPT         _____REJECT         _____MODIFY

# **INSTRUCTION NO. 34.**

## **CACI 3961 - Duty to Mitigate Damages for Past Lost Earnings**

Marisa Martinez is not entitled to recover damages for economic losses that Costco Wholesale Corporation proves Marisa Martinez could have avoided by returning to gainful employment as soon as it was reasonable for her to do so.

To calculate the amount of damages you must:

1.  Determine the amount Marisa Martinez would have earned from the job she held at the time she was injured; and

2.  Subtract the amount Marisa Martinez earned or could have earned by returning to gainful employment.

The resulting amount is Marisa Martinez's damages for past lost earnings.

**Authority:**  CACI 3961

_____ ACCEPT          _____REJECT          _____MODIFY

19-CV-1195-WVG

1

2

## **INSTRUCTION NO. 35.**

3

### **CACI 3903C - Past and Future Lost Earnings (Economic Damages)**

4

5

To recover damages for past lost earnings, Ms. Martinez must prove the amount of

6

wages that she has lost to date.

7

To recover damages for future lost earnings, Ms. Martinez must prove the amount

8

of earnings she will be reasonably certain to lose in the future as a result of the injury.

9

10

**Authority:**  CACI 3903C

11

12

_____ ACCEPT          _____REJECT          _____MODIFY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **INSTRUCTION NO. 36.**

### **CACI 3904A - Present Cash Value**

If you decide that Ms. Martinez's harm includes future economic damages for loss of earnings, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. Costco Wholesale Corporation must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Ms. Martinez with the amount of her future damages.

**Authority:**  CACI 3904A

_____ ACCEPT        _____REJECT        _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 37.

## CACI 3905A - Mental Suffering and Emotional Distress (Noneconomic Damage)

Past and future mental suffering and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering and emotional distress, Ms. Martinez must prove that she is reasonably certain to suffer that harm.

For future mental suffering and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Ms. Martinez for future mental suffering and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

**Authority:** CACI 3905A

_____ ACCEPT        _____REJECT        _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 38.

### CACI 3946  - Punitive Damages—Entity Defendant—Bifurcated Trial (First Phase)

If you decide that Costco Wholesale Corporation's conduct caused Marisa Martinez harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Marisa Martinez has proved that Costco Wholesale Corporation engaged in that conduct with malice, oppression, or fraud. To do this, Marisa Martinez must prove one of the following by clear and convincing evidence:

1.  That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Costco Wholesale Corporation who acted on behalf of Costco Wholesale Corporation;

2.  That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Costco Wholesale Corporation; or

3.  That one or more officers, directors, or managing agents of Costco Wholesale Corporation knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Costco Wholesale Corporation acted with intent to cause injury or that Costco Wholesale Corporation's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

19-CV-1195-WVG

"Oppression" means that Costco Wholesale Corporation's conduct was despicable and subjected Marisa Martinez to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Costco Wholesale Corporation intentionally misrepresented or concealed a material fact and did so intending to harm Marisa Martinez.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making so that his or her decisions ultimately determine corporate policy.

**Authority**:  CACI 3946.


_____ ACCEPT          _____REJECT          _____MODIFY

19-CV-1195-WVG

# INSTRUCTION NO. 39.

## 3.3 Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority:**  9th Cir. Civ. Model Instr. 3.3 (2017)

_____ ACCEPT        _____REJECT        _____MODIFY

19-CV-1195-WVG

1
2

# **INSTRUCTION NO. 40.**

3

## **3.5 Return of Verdict**

4
5

A special verdict form has been prepared for you. Although lengthy, it follows a
natural progression with easily understood instructions.  After you have reached unanimous
agreement on a verdict, your foreperson should complete the special verdict form according
to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready
to return to the courtroom.

6
7
8
9
10
11

**Authority:**  9th Cir. Civ. Model Instr. 3.5 (2017)

12
13

_____ ACCEPT        _____REJECT        _____MODIFY

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **INSTRUCTION NO. 41.**

### **3.7 Deadlocked Jury**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.


**Authority:**  9th Cir. Civ. Model Instr. 3.7 (2017)


_____ ACCEPT          _____REJECT          _____MODIFY

19-CV-1195-WVG

# **INSTRUCTION NO. 42.**

### **3.8 Continuing Deliberations After Juror is Discharged**

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

**Authority:**  9th Cir. Civ. Model Instr. 3.8 (2017)

_____ ACCEPT         _____REJECT         _____MODIFY

1

**INSTRUCTION NO. 43.**

2

3

**3.9 Post-Discharge Instruction**

4

5

Now that the case has been concluded, some of you may have questions about the

6

confidentiality of the proceedings. Now that the case is over, you are free to discuss it with

7

any person you choose. By the same token, however, I would advise you that you are under

8

no obligation whatsoever to discuss this case with any person.

9

[If you do decide to discuss the case with anyone, I would suggest you treat it with

10

a degree of solemnity in that whatever you do decide to say, you would be willing to say

11

in the presence of the other jurors or under oath here in open court in the presence of all

12

the parties.]

13

[Finally, always bear in mind that if you do decide to discuss this case, the other

14

jurors fully and freely stated their opinions with the understanding they were being

15

expressed in confidence. Please respect the privacy of the views of the other jurors.]

16

[Finally, if you would prefer not to discuss the case with anyone, but are feeling

17

undue pressure to do so, please feel free to contact the courtroom deputy, who will notify

18

me and I will assist.]

19

20

**Authority:**  9th Cir. Civ. Model Instr. 3.9 (2017)

21

22

_____ ACCEPT        _____REJECT        _____MODIFY

23

24

25

26

27

28

19-CV-1195-WVG