1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10

11   MARISA MARTINEZ, an individual,          Case No.  19-CV-1195-WVG
12                      Plaintiff,
                                              **COURT'S [PROPOSED]**
13           v.                               **SPECIAL VERDICT FORMS**
14   COSTCO WHOLESALE                         **FOURTH SET**
     CORPORATION,
15
                       Defendant.
16

17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTIONS FOR SPECIAL VERDICT

Ladies and Gentlemen of the Jury:

Your verdict in this case will consist of answers to the questions stated below. All of you must agree on each question and be able to state that your individual vote is expressed in the answer on the verdict form when you return to the courtroom.

As soon as all of you have agreed upon each answer as required by the directions, the Foreperson must sign and date this Special Verdict Form on the last page and notify the Courtroom Deputy who will arrange for you to return to the courtroom.

## DISABILITY DISCRIMINATION [VF-2508]

### Cal. Gov't Code § 12940(a)

1.  Did Costco know that Ms. Martinez had anxiety and/or depression that limited her ability to work?

    Answer:     Yes_____     No_____

    If your answer to question 1 is "Yes," then answer question 2.

    If your answer to question 1 is "No," please proceed to question 7.

2.  Was Ms. Martinez able to perform the position's essential job duties without an accommodation?

    Answer:     Yes_____     No_____

    If your answer to question 2 is "Yes," then answer question 4.

    If your answer to question 2 is "No," please proceed to question 3.

/ / /

/ / /

/ / /

/ / /

3.    Was Ms. Martinez able to perform the position's essential job duties with reasonable accommodation for her anxiety and/or depression?

        Answer:     Yes_____    No_____

        If your answer to question 3 is "Yes," then answer question 4.

        If your answer to question 3 is "No," please proceed to question 7.

4.    Did Costco subject Ms. Martinez to an adverse employment action?

        Answer:     Yes_____    No_____

        If your answer to question 4 is "Yes," then answer question 5.

        If your answer to question 4 is "No," please proceed to question 7.

5.    Was Ms. Martinez's anxiety and/or depression a substantial motivating reason for Costco's decision to subject Ms. Martinez to an adverse employment action?

        Answer:     Yes_____    No_____

        If your answer to question 5 is "Yes," then answer question 6.

        If your answer to question 5 is "No," please proceed to question 7.

6.    Was Costco's adverse employment action(s) against Ms. Martinez a substantial factor in causing her harm?

        Answer:     Yes_____    No_____

        Please proceed to question 7.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **REASONABLE ACCOMMODATION [VF-2509]**

Cal. Gov't Code § 12940(m); Cal. Code Regs. Tit. 2, § 11068(a)

7.  Did Ms. Martinez have anxiety and/or depression that limited her ability to work?

      Answer:     Yes_____     No_____

      If your answer to question 7 is "Yes," then answer question 8.

      If your answer to question 7 is "No," please proceed to question 12.

8.  Did Costco know of Ms. Martinez's anxiety and/or depression that limited her ability to work?

      Answer:     Yes_____     No_____

      If your answer to question 8 is "Yes," then answer question 9.

      If your answer to question 8 is "No," please proceed to question 12.

9.  Was Ms. Martinez able to perform the essential job duties with reasonable accommodation for her anxiety and/or depression?

      Answer:     Yes_____     No_____

      If your answer to question 9 is "Yes," then answer question 10.

      If your answer to question 9 is "No," please proceed to question 12.

10.  Did Costco fail to provide reasonable accommodation for Ms. Martinez's anxiety and/or depression?

      Answer:     Yes_____     No_____

      If your answer to question 10 is "Yes," then answer question 11.

      If your answer to question 10 is "No," please proceed to question 12.

/ / /

11. Was Costco's failure to provide reasonable accommodation a substantial factor in causing harm to Ms. Martinez?

       Answer:     Yes_____    No_____

       Please proceed to question 12.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [VF-2513, May 2022 Supplement]**

Cal. Gov't Code § 12940(n); Cal. Code Regs. Tit. 2, § 11069(a)

12.   Did Ms. Martinez have anxiety and/or depression that limited her ability to work?

Answer:      Yes_____      No_____

If your answer to question 12 is "Yes," then answer question 13.

If your answer to question 12 is "No," please proceed to question 18.

13.   Did Ms. Martinez request that Costco make a reasonable accommodation for her anxiety and/or depression so she would be able to perform the essential job requirements?

Answer:      Yes_____      No_____

If your answer to question 13 is "Yes," then answer question 14.

If your answer to question 13 is "No," please proceed to question 18.

14.   Was Ms. Martinez willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements?

Answer:      Yes_____      No_____

If your answer to question 14 is "Yes," then answer question 15.

If your answer to question 14 is "No," please proceed to question 18.

/ / /

/ / /

/ / /

/ / /

15.   Did Costco fail to participate in a timely good-faith interactive process with Ms. Martinez to determine whether reasonable accommodation could be made?

     Answer:     Yes_____     No_____

     If your answer to question 15 is "Yes," then answer question 16.

     If your answer to question 15 is "No," please proceed to question 18.

16.   Could Costco have made reasonable accommodation when the interactive process should have taken place?

     Answer:     Yes_____     No_____

     If your answer to question 16 is "Yes," then answer question 17.

     If your answer to question 16 is "No," please proceed to question 18.

17.   Was Costco's failure to participate in a timely good-faith interactive process a substantial factor in causing harm to Ms. Martinez?

     Answer:     Yes_____     No_____

     Please proceed to question 18.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**RETALIATION [VF-2504]**

Cal. Gov't Code § 12940(h)

18.   Did Ms. Martinez oppose conduct by Costco that she reasonably and in good faith believed was unlawful disability discrimination, a failure to accommodate her anxiety and/or depression, and/or a failure to engage in a timely, good-faith interactive process?

   Answer:   Yes_____   No_____

   If your answer to question 18 is "Yes," then answer question 19.

   If your answer to question 18 is "No," please proceed to question 22.

19.   Did Costco engage in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Ms. Martinez's employment?

   Answer:   Yes_____   No_____

   If your answer to question 19 is "Yes," then answer question 20.

   If your answer to question 19 is "No," please proceed to question 22.

20.   Was Ms. Martinez's opposition to Costco's unlawful disability discrimination, a failure to accommodate her anxiety and/or depression, and/or a failure to engage in a timely, good-faith interactive process a substantial motivating reason for Costco's decision to subject Ms. Martinez to an adverse employment action?

   Answer:   Yes_____   No_____

   If your answer to question 20 is "Yes," then answer question 21.

   If your answer to question 20 is "No," please proceed to question 22.

/ / /

/ / /

/ / /

/ / /

21.     Was Costco's conduct a substantial factor in causing harm to Ms. Martinez?

      Answer:     Yes\_\_\_\_\_     No\_\_\_\_\_

      Please proceed to question 22.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# RETALIATION [VF-4602]

California Labor Code § 1102.5

22. Did Ms. Martinez disclose to a person at Costco with authority over her or to an employee with authority to investigate, discover, or correct legal violations or legal noncompliance that Costco was not providing a safe work environment?

     Answer:     Yes_____     No_____

If your answer to question 22 is "Yes," then answer question 23.

If your answer to question 22 is "No," please proceed to question 28.

23. Did Ms. Martinez have reasonable cause to believe that the information disclosed a violation of a state statute or regulation?

     Answer:     Yes_____     No_____

If your answer to question 23 is "Yes," then answer question 24.

If your answer to question 23 is "No," please proceed to question 28.

24. Did Costco subject Ms. Martinez to an adverse employment action?

     Answer:     Yes_____     No_____

If your answer to question 24 is "Yes," then answer question 25.

If your answer to question 24 is "No," please proceed to question 28.

/ / /

/ / /

/ / /

25.  Was Ms. Martinez's disclosure of information a contributing factor in Costco's decision to take an adverse employment action against Ms. Martinez, including, but not limited to, constructively terminating her employment?

       Answer:      Yes_____      No_____

       If your answer to question 25 is "Yes," then answer question 26.

       If your answer to question 25 is "No," please proceed to question 28.

26.  Was Costco's conduct a substantial factor in causing Ms. Martinez harm?

       Answer:      Yes_____      No_____

       If your answer to question 26 is "Yes," then answer question 27.

       If your answer to question 26 is "No," please proceed to question 28.

27.  Did Costco show by clear and convincing evidence that it would have subjected Ms. Martinez to the adverse employment action(s) anyway at the time for legitimate, independent reason(s)?

       Answer:      Yes_____      No_____

       Please proceed to question 28.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## <u>CONSTRUCTIVE DISCHARGE [CACI 2510]</u>

If you answered "Yes" to questions 6, 11, 17, or 21, or "No" to question 27, answer question 28. If your answers to questions 6, 11, 17, and 21 are "No," and your answer to question 27 is "Yes," stop here, answer no further questions, and have the foreperson sign and date this form.

28.   Did Costco intentionally create or knowingly permit working conditions to exist that were so intolerable that a reasonable person in Ms. Martinez's position would have had no reasonable alternative except to resign?

Answer:      Yes_____      No_____

If your answer to question 28 is "Yes," then answer question 29.

If your answer to question 28 is "No," please proceed to question 30.

29.   Did Ms. Martinez resign because of these working conditions?

Answer:      Yes_____      No_____

Please proceed to question 30.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## <u>DAMAGES</u>

If your answer to question 29 is "Yes," answer question 30.

If your answer to question 29 is "No," please proceed to read the instructions for question 31.

30.     What are Ms. Martinez's economic damages?

a.     Past economic loss:

   Lost earnings:                              $_____

   Other past economic loss:                   $_____

Total Past Economic Damages:

                                               $_____

b.     Future economic loss:

   Lost earnings:                              $_____

   Other future economic loss:                 $_____

Total Future Economic Damages:                 $_____

**Total Economic Damages (add 30(a) and 30(b)): $_____**

Answer question 31 if either:

   (1) You answered "Yes" to question 29, or

   (2) You answered "Yes" to any/all of questions 6, 11, 17, or 21, or

   (3) You answered "No" to question 27.

If neither (1), (2), nor (3) apply, stop here, answer no further questions, and have the foreperson sign and date this form.

/ / /

31. What are Ms. Martinez's non-economic damages?

    a.    Past noneconomic loss, including emotional pain/mental suffering:

                                                                         $_____

    b.    Future noneconomic loss, including emotional pain/mental suffering:

                                                                         $_____

**Total noneconomic losses (add 31(a) and 31(b)): $_____**


**TOTAL DAMAGES (add 30 and 31):      $_____**


Please proceed to the instructions for question 32.


Answer question 32 if you provided an answer to either question 30 and/or question 31.


Otherwise, if you did not provide answers to questions 30 or 31, stop and answer no further questions, and have the foreperson sign and date this form.

32. Do you find by clear and convincing evidence that one or more officers, directors, or managing agents of Costco engaged in malicious, oppressive, or fraudulent conduct towards Ms. Martinez?


      Yes _____                           No _____


After all verdict forms have been signed, notify the bailiff that you are ready to present your verdict in the courtroom.


Signed: _____      Dated: _____

      Foreperson